CHARLES C. MERCHANT, APPELLANT, *v.* FREDERICK
   D. BUNNELL, AND LOUISA, HIS WIFE, RESPONDENTS.

*Husband and Wife—Agency of Husband.*

Where property is bought by the husband as the agent of the wife, and
afterwards sold by him, as such agent, at a profit, the profits belong to the
wife. There is nothing in the policy of the law as it now exists which makes
the agency of the husband, acting for the wife, differ from the like agency of
any other party.

*H. R. Mygatt,* for Appellant.
*D. Pratt,* for Respondents.

DAVIES, CH.J.—The Plaintiff, as a judgment creditor of
Frederick D. Bunnell, seeks to charge a tract of land of 356
acres, the title of which stands in the name of his wife, for the
payment of said judgment. The land was purchased by the
wife, with money furnished her by her father, and the deed
taken directly to her ; and for the balance of the purchase-money
she executed her bond and mortgage. The Court, which tried
this action without a jury, found as facts, that Bunnell, the
judgment debtor, did not pay any money or property, or agree
to pay any, either directly or indirectly, toward the said 356
acres of land in dispute ; nor did he or his wife actually intend to
hinder, delay, or defraud the Plaintiff or any other creditor of the
said Frederick D. Bunnell.

The Court also found that Mrs. Bunnell obtained the legal
title to the 356 acres of land by reason of the exercise of the skill,
talents, and judgment of her husband, combined with her own,
and by the labors of each, and by the use of the money which
she obtained and paid on account of said purchase, and upon the
security which she gave therefor. And as a conclusion of law
the Court held that the 356 acres of land in dispute were profits
made in a speculation or business, mainly by the combined
services, skill, and judgment of Mr. and Mrs. Bunnell, and that

said land is liable in equity for the payment of debts which Mr. Bunnell owed at the time the same was purchased by Mrs. Bunnell, and that the Plaintiff was entitled to judgment declaring said 356 acres of land liable for the payment of his demands against Mr. Bunnell, and judgment was rendered for the Plaintiff accordingly, with costs. On appeal to the General Term, this judgment was reversed, and a new trial ordered. The Plaintiff appeals from this order to this Court, and stipulates that, if the same be affirmed, judgment absolute shall be rendered against him.

The only question presented for adjudication in this case is, whether property bought by the husband, as the agent of his wife, with her money, and afterward sold by him as her agent, at a profit, is, to the extent of the profit, subject to the claims of the creditors of the husband, on the ground that the profit was the result of his skill or ability; it having been found by the Court, as already stated, that the property was not bought or sold with intent to defraud the creditors of the husband. It is to be observed, in the first place, that it is difficult, if not impossible, to separate and determine the proportion of profit exclusively derived from the talent, skill, and ability of the husband, from that derivable from the capital, talent, and skill of the wife. It is very clear that the Court, upon the trial of the action, erred in assuming that the whole profit made by the use of money and credit of the wife, and her talent and skill, was exclusively the product of the skill and ability of the husband. No discrimination was made by the Court which tried the action as to what part of the profit was the result or product of the labor of the husband, or what was produced by the use of the money and credit of the wife. The difficulty, if not the impossibility of making this discrimination, may possibly have led the Court into the error of holding that the whole profit made upon the investment of the money of the wife, was exclusively due to the skill and talent of the husband. The real question for adjudication is, whether the profits derived and made upon an investment of the money of the principal, in the name of the principal, by an agent acting as such, belongs to

and is the property of the principal, or is that of the agent ? The simple statement of this proposition carries with it the appropriate answer. And the result is none the less the same because the principal and agent may sustain other relations to each other, as are, in the present case, the intimate one of husband and wife. This Court has frequently held that there is nothing in the marriage relation which forbids the wife to employ her husband as her agent in the management of her estate and property, and that such employment does not subject her property, or the profits arising from such business, to the claims of the creditors of her husband (Sherman *v.* Elder, 24 N. Y. 381 ; Knapp *v.* Smith, 27 N. Y. 277 ; Bulkley *v.* Wells, 33 N. Y. 518 ; Gage *v.* Dauchy, 34 N. Y. 293).

These cases conclusively establish the right of the wife to her separate estate, and that neither the same, or the profits derived therefrom, although the same be managed by the husband as the agent of the wife, can be subjected by the creditors of the husband to the payment of their debts. The precise point now presented for adjudication arose, and was decided in Bulkley *v.* Wells (ubi supra). It was there held that a married woman is entitled to the profits of mercantile business conducted by the husband in her name, when the capital is furnished by her, and he has no interest but that of a mere agent. It was pertinently observed by Judge Campbell, in this case : " The creditors of the husband have no right to complain if persons are found who are willing to give credit to the wife. If they cannot enforce their claim at law against her, it is their own misfortune, and does not concern or affect the rights of the husband's creditors ; and it is difficult to see how it thereby tends to vest the title of the property purchased for her, and for which credit is given to her, in her husband.

" It is also said that the skill and labor of the husband, when employed by the wife, as in this case, enters into and forms, as it were, a part of the property, and increases its value. If the business is successful, granted ; but the title is not thereby divested. At most, he could have but a lien for his wages.

Opinion by DAVIES, Ch.J.

The whole case turns upon the question, whether a wife, having separate property, can employ her husband as her agent. If she can, then the objections raised cannot avail as a defence. This question was distinctly settled in Knapp *v.* Smith (27 N.Y. 277), where the law is very distinctly laid down, and where it was held that a married woman, having property of her own, could manage it by the agency of her husband, or any other, and hold the profits and increase to her separate use."

The doctrine of these cases has received the emphatic approval of this Court in the case of Gage *v.* Dauchy (ubi supra).

The order granting a new trial in this action should be affirmed, and, in pursuance of the Appellant's stipulation, judgment absolute should be rendered against him, with costs.

All concur.

Judgment accordingly.

JOEL TIFFANY,<br>
State Reporter.
