THE THIRD NATIONAL BANK of Buffalo, Respondent, *v.* GEORGIANNA J. GUENTHER et al., Appellants.

A married woman, who is possessed of a separate estate and engaged in a separate business, may employ her husband as agent to carry on the same, and may agree to compensate him for his services.

Even assuming that the husband cannot maintain an action against her to recover the agreed compensation, it still remains a moral obligation, and she can voluntarily pay or provide for it, without furnishing any legal or just ground for complaint on the part of her other creditors, provided the transaction is free from actual fraud.

A married woman may also agree with her husband to support the family, and although such an agreement, so long as it remains executory, cannot be enforced against her, if, when she entered into it, she was solvent and did so without fraudulent intent, she has the right to perform it, and having done so, she cannot recall what she has paid or require her husband to reimburse her.

Accordingly *held*, the fact that an assignment for the the benefit of creditors, made by a married woman having a separate estate and engaged in a separate business, contained a preference to her husband for salary agreed to be paid to him by the wife for his services as agent in managing said business, did not render it fraudulent and void as to other creditors, as matter of law.

*Coleman* v. *Burr* (93 N. Y. 17), distinguished.

Also, *held*, the fact that the husband had, in pursuance of an agreement between himself and his wife, made at the time of his employment as

agent, that she would pay the family expenses, drawn out for that purpose from the proceeds of the business, more than the amount of the salary unpaid, did not, in the absence of any evidence of fraud, prove payment of the salary.

(Argued October 22, 1890; decided December 2, 1890.)

APPEAL under section 1336 of the Code of Civil Procedure from a final judgment of the Superior Court of the city of Buffalo, in favor of plaintiff, entered upon an order of Special Term, made December 31, 1888, after an affirmance by the General Term of said court of an interlocutory judgment entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. S. Romer* for appellants. When an assignment for the benefit of creditors is assailed on the ground of fraud, the fraud is to be proved and not presumed, and it is found legitimately from evidence that will fairly support the finding. (*Shultz* v. *Hoagland,* 85 N. Y. 464; *Wilson* v. *Forsyth,* 24 Barb. 105 ; *Livermore* v. *Northrup,* 44 N. Y. 107; *Crook* v. *Rinskopf,* 105 id. 476.) The declarations of an assignor made subsequently to the assignment cannot be received to defeat the title of the assignee. (*Cuyler* v. *McCartney,* 40 N. Y. 221; *Bullis* v. *Montgomery,* 50 id. 352; *N. Y. G. & I. Co.* v. *Gleason,* 78 id. 517.) The books of Henry T. Gillett & Son, containing records of business transactions had by that firm prior to the transfer of the business to Mrs. Guenther, were not competent evidence against Mrs. Guenther or the assignee. (*Tousley* v. *Barry,* 16 N. Y. 479; *Truax* v. *Slater,* 86 id. 630.) The plaintiff failed to show that it had exhausted its remedies at law against Mrs. Guenther before bringing this suit. (*Payne* v. *Sheldon,* 43 How. Pr. 1 ; *Shaw* v. *Dwight,* 27 N. Y. 244.) E. N. Cook & Co., who assigned to the plaintiff the judgment on which this action is based, having, while they owned the judgment, ratified the assignment, the plaintiff cannot maintain this action. (2 Pom. Eq. Juris. § 916;

*Cavanagh* v. *Morrow*, 67 How. Pr. 241; *Beardsley* v. *Hotchkiss*, 90 N. Y. 211; *Moller* v. *Tuska*, 87 id. 196.) The refusal of the referee to find that "Mrs. Guenther did assume and pay from her said business, during the same time, the expenses connected with the support of their said family," as requested by defendants, was error. (*Oliver* v. *Bennett*, 65 N. Y. 559.) Exceptions taken by the defendants to the refusal of the referee to find, and to his several findings, should be sustained. (*Tullinger* v. *Mandeville*, 113 N. Y. 427; *Tiemeyer* v. *Turnquest*, 85 id. 516; *Buckley* v. *Wells*, 33 id. 518; *Romer* v. *Koch*, 49 Hun, 483.) The defendants requested the referee to find that the general assignment was made with lawful intent and is valid, which the referee refused to do, but, on the contrary, found that the preference in said assignment to Mr. Guenther of $7,000 is wholly without consideration, and by reason of such preference, said assignment is void and was made with fraudulent intent. This was error. (*Jaques* v. *M. E. Church*, 17 Johns. 549; *Yale* v. *Dederer*, 22 N. Y. 450; *Knapp* v. *Smith*, 27 id. 277; *Abbey* v. *Deyo*, 44 Barb. 347; 44 N. Y. 343; *Buckley* v. *Wells*, 33 id. 518; *Owen* v. *Cawley*, 36 id. 600; *Merchant* v. *Bunnell*, 3 Keyes, 539; *Kleunder* v. *Lynch*, 2 Abb. Ct. App. Dec. 538; *Bodine* v. *Killeen*, 53 N. Y. 93; *Woolsey* v. *Brown*, 11 Hun, 52; *Cushman* v. *Henry*, 75 N. Y. 103; *Tiemeyer* v. *Turnquest*, 85 id. 516; *S. C. Bank* v. *Pruyn*, 90 id. 250; *Sherman* v. *Scott*, 27 Hun, 331; *Coleman* v. *Burr*, 93 N. Y. 17; *Kingman* v. *Frank*, 33 Hun, 471; *Benedict* v. *Driggs*, 34 id. 94; *Graff* v. *Kinney*, 37 id. 405; *Granger* v. *Granger*, 2 N. Y. S. R. 211; *Hendricks* v. *Isaacs*, 11 id. 527; *Stanley* v. *N. U. Bank*, 115 N. Y. 123.) There is no proof in the case of any fraudulent intent on the part of Mrs. Guenther in making the assignment, and the exception to the referee's finding is well taken. (*Schultz* v. *Hoagland*, 85 N. Y. 464; *Wilson* v. *Forsyth*, 24 Barb. 105; *Livermore* v. *Northrup*, 44 N. Y. 107; *Sickles* v. *Flanagan*, 79 id. 224.) Where there is a variance between findings of fact, the appellants are entitled to those most favorable to themselves, and may rely upon them.

(*Schwinger* v. *Raymond,* 83 N. Y. 122 ; *Bonnell* v. *Griswold,* 89 id. 122 ; *Conselyea* v. *Blanchard,* 103 id. 222, 231 ; *F. N. Bank* v. *Halstead,* 20 Abb. [N. C.] 161.)

*Adelbert Moot* for respondent. The referee having found as a fact " that said assignment was made, executed and put upon record, as hereinbefore stated, by said assignor with the intent on her part to hinder and delay the plaintiff and other of her said creditors in the collection of their just debts, and to defraud them thereof ; " also as a conclusion of law, " that said assignment is void ; " and the General Term having examined the record and judgment based on the findings of fact and affirmed the judgment, it follows that the judgment appealed from must be affirmed if there was evidence to support this finding of fact, or the conclusion of law, and the court did not err in its rulings upon the trial, or in deciding the case. (*Shand* v. *Hanley,* 71 N. Y. 319–323 ; *Thompson* v. *Bank,* 82 id. 1 ; *Wakeman* v. *Grover,* 4 Paige, 23 ; *Am. Ex. Co.* v. *Webb,* 36 Barb. 291 ; *Firdler* v. *Day,* 2 Sandf. 594 ; Burrill on Asmts. 493 ; *Bank* v. *Cohen,* 6 N. Y. S. R. 318.) Upon the law and the facts, the general assignment in question was fraudulent and void, because it was made with intent to hinder, delay and defraud creditors. (*Tiemeyer* v. *Turnquest,* 85 N. Y. 516, 518 ; *Haydock* v. *Coope,* 53 id. 68 ; *Heinman* v. *Hart,* 20 N. W. Rep. 792 ; 20 Cent. L. J. 496 ; Bump on Fr. Con. 43, 45–52 ; Burrill on Assign. 227–230 ; *Clapp* v. *Nordmeyer,* 25 Fed. Rep. 71, 83–94 ; *Manning* v. *Beck,* 54 Hun, 102, 105 ; *Spellman* v. *Freedman,* 54 id. 409 ; *Davis* v. *Harrington,* 55 id. 109 ; *Whitaker* v. *Whitaker,* 52 N. Y. 368 ; *Hill* v. *Sands,* 2 Johns. Ch. 35 ; *Reed* v. *Livingston,* 3 id. 481 ; *Coleman* v. *Burr,* 93 N. Y. 17 ; *Comstock* v. *Comstock,* 57 Barb. 453 ; Kerr on Fr. & Mis. 173, 187, 193, 199, 200.) The plaintiff can maintain this action upon the judgment of Cook & Co., or upon its judgments and warrants of attachments in aid of the attachments. (Bigelow on Estoppel [3d ed.], 519 ; Burrill on Assign. [3d ed.] §§ 289, 298, 391 ; *Bank* v. *Webb,* 36 Barb. 291 ; *Haydock* v. *Coope,* 53 N. Y.

68; *Caldwell* v. *Williams*, 1 Ind. 405; *Bates* v. *Plonsky*, 28 Hun, 112.) Even if wrong, a technical error is no ground for a new trial, if it was harmless, in a civil or criminal case. (*People* v. *Johnson*, 104 N. Y. 213; *In re N. Y. C. & H. R. R. R. Co.*, 90 id. 347.) This suit was properly brought because execution was first issued in the county where Mrs. Guenther had an office, where her husband was domiciled, and where she, therefore, resided. (*Hunt* v. *Hunt*, 72 N. Y. 217.)

O'BRIEN, J. This action was brought by the plaintiff, a judgment-creditor of the defendant Georgianna J. Guenther, to annul and set aside as fraudulent and void a general assignment for the benefit of creditors, with preferences made by said Georgianna to the defendant, John L. Romer, on the 8th day of May, 1883, and also a mortgage for the sum of $5,545.58, covering real estate, made by her on the same day to her husband, John G. Guenther, and John Dunbar, as executors of the last will of her father, Henry T. Gillett, who died in the year 1874. The referee to whom the case was referred sustained the mortgage, but held that the assignment was void because the assignor had included in it and directed the payment, as a preferred claim, of the sum of $7,000 to the husband of the assignor, which claim the referee held was without any consideration. It appears that after the assignment was made the plaintiff and other creditors of the assignor began actions to procure judgments against her upon claims held by them on which attachments were issued to the sheriff and levy made upon certain personal property embraced in the assignment and in possession of the assignee, which was subsequently sold by virtue of the levy. The assignee brought an action in the Supreme Court against the sheriff for a conversion of this property. The sheriff set up the same facts in his defense, touching the validity of the assignment, as are relied upon to invalidate it in this action. Both actions were referred to the same referee, and they were tried together under a stipulation that the testimony, rulings and objections should apply to both cases. This action to set aside the assignment was brought

in the Superior Court of Buffalo. The referee held in both cases that the assignment was void on account of the preference to John G. Guenther, the husband. The General Term of the Supreme Court in the suit by the assignee against the sheriff reversed the judgment on the ground that the preference to the husband was supported by a sufficient consideration and his claim might lawfully be provided for by the wife in making an assignment for the benefit of creditors. (*Romer* v. *Koch*, 49 Hun, 483.)

The General Term of the Superior Court sustained the judgment in this case entered upon the referee's report, holding that the assignment was invalid. In order to get a clearer view of the question, in regard to which two very learned and able courts entertain opposite and conflicting opinions, a clear understanding of the facts which underlie it is necessary, and they are practically undisputed. The assignor is the daughter of Henry T. Gillett, who died November 23, 1874, leaving a will in which his daughter, this defendant, then married, was named as the residuary legatee and devisee. It is found by the referee that Gillett, at the time of his death, was possessed of a large estate, and was then and for some years prior to that date engaged in partnership with his son-in-law, John G. Guenther, in carrying on the wholesale and retail rectifying and liquor business in the city of Buffalo under the firm name of Henry T. Gillett & Son. That Henry T. Gillett owned all the property and assets of the firm, his son-in-law being interested only in the profits, and being, under the arrangement, entitled to receive one-half of the same. After the death of Henry T. Gillett the son-in-law, said John G. Guenther, as survivor, carried on the business in the same firm name until May 1, 1876, when, as such survivor, and also as executor of the will of his father-in-law, he assigned and transferred to his wife, the residuary legatee, by written instrument, " all and singular the goods, chattels, property and effects of whatsoever name, kind or character, or wheresoever situate of said firm of Henry T. Gillett & Son." The wife assumed all the debts of the firm, and released her

husband from all claims on account of past transactions, and having thus become possessed of the firm property and a considerable estate left by her father, she employed her husband, who had no property of his own, to take charge of and carry on the wholesale and retail rectifying and liquor business for her under the old firm name of Henry T. Gillett & Son. And she also further agreed with her husband that she would assume and pay all the expenses of supporting the family. She also, on the 1st day of May, 1876, executed, acknowledged and procured to be recorded in the office of the clerk of the county a certificate, pursuant to the statute permitting the continued use of partnership names, stating that she was the person " now and hereafter " dealing under the firm name of Henry T. Gillett & Son; that her residence or place of abode was in Buffalo, and that her husband, John G. Guenther, was her agent for carrying on said business. The business was conducted by the husband under this power and in this manner until May 9, 1883, the day after the date of the assignment, which is the subject of this controversy. During all this time the management and conduct of the business was wholly intrusted to the husband. The wife was without business experience, and had no knowledge of the details of the business, or the methods by which it was carried on, or whether profitable or not. She agreed to pay her husband $1,600 per year for his services, and the referee finds that this was a reasonable compensation. It is also found that during the time the husband had charge of the business the expenses of supporting the family, consisting of the husband, wife and one child, in a proper and reasonable manner, not including the expense of maintaining the dwelling-house and repairing and insuring the same, amounted to between two thousand and two thousand five hundred dollars per year, which was paid by the husband out of the proceeds of the business. The amount drawn by the husband during this time from the business to pay the family expenses amounted to upwards of $10,000, and to apply upon his salary $2,031.38. When the assignment in question was made the assignor was indebted to

divers parties in the sum of $70,000 and upwards, which she was unable to pay. The assignee, acting in good faith and, as is found, without any fraudulent intent, took possession of the property embraced in the assignment, having duly qualified, and he claims the property as such assignee for the purposes of the trust. Numerous other facts were found relating to the origin, history and validity of the mortgage which the referee held to be valid, and as all parties seem to have acquiesced in that part of the decision, we are not concerned with it on this appeal. The referee held that the promise and agreement of the wife to support the family was void, and that as the husband had drawn from the business in all over $12,000, there was nothing due to him for salary from the wife, and "that by reason of such preference and the directions to said assignee, so contained in said assignment, to pay to said John G. Guenther out of said assigned property and estate said sum of $7,000, said assignment is void." It thus appears that the conclusion that the assignment was void, and the preferred claim of the husband without consideration was reached by the referee by applying the $10,000 and upwards which the husband drew from the business to pay the family expenses, under a void agreement, upon his salary thus extinguishing any claim against the wife for the same. We think that the judgment proceeds upon an erroneous view of the transaction. The assignor, upon the death of her father, became possessed of a separate estate, and entered upon the conduct of a separate business which she could manage or carry on either personally or through such agencies as she might select, and for that purpose it was competent for her to appoint her husband. (*Abbey* v. *Deyo*, 44 N. Y. 343; *Buckley* v. *Wells*, 33 id. 518; *Knapp* v. *Smith*, 27 id. 278; *Merchant* v. *Bunnell*, 3 Keyes, 539; *Foster* v. *Persch*, 68 N. Y. 400; *Kingman* v. *Frank*, 33 Hun, 471.)

The right to employ an agent implies the right to compensate him for his services, and even if it be assumed that the husband would be unable to maintain an action against the wife to recover the agreed compensation, it would still remain

a moral obligation which the wife could voluntarily pay or provide for without furnishing any legal or just ground for complaint on the part of her other creditors, providing the transaction was free from actual fraud. So, too, her agreement to support the family in this case was, no doubt, illegal and perhaps void, in the sense that so long as it remained executory it could not be enforced against her, but as she entered into the agreement when she was perfectly solvent and without any fraudulent intent, she had the right to perform it, and having done so could not undo what had been done by recalling what she had paid or requiring the husband to reimburse her for the outlay. This was the situation in which the assignor was placed before making the assignment. She had performed her agreement to support the family by permitting the husband to pay these expenses out of her funds, but she had not paid the yearly salary which she had stipulated to pay, and it was not a fraud upon her other creditors to provide for its payment in the assignment. We do not consider it necessary to state at greater length the reasons or refer more particularly to the authorities that uphold this proposition. That has been done by the Supreme Court in *Romer* v. *Koch* (*supra*), in a learned and able opinion which commands our approval. There is nothing in this view of the case that conflicts with *Coleman* v. *Burr* (93 N. Y. 17). In that case the husband agreed to pay his wife a specified sum per week for taking care of his aged mother whom he was bound to support, and this agreement, honestly made, was the sole consideration for the transfer by the husband to his wife of certain real estate. It was held that this conveyance was void as against the existing creditors of the husband. This result was reached by the application of the common-law doctrine that the marital duty of the wife required her to perform such duties when necessary in the household of her husband, and a contract on the part of the husband to pay her for the performance of such duty was without consideration. That principal has no application here, as it has not yet been held and is not claimed that a husband owes any legal duty to his wife

to render services for her, in her separate business, without compensation.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.