CACELIE MABBETT, Appellant, *v.* ALFRED W. MABBETT, Respondent.

First Department, July 1, 1921.

**Husband and wife — separation — default judgment — motion to vacate judgment and open default of defendant denied where defendant desires to interpose as defense separation agreement relieving him from obligation to pay alimony or support his wife — said agreement is invalid.**

A motion to vacate a judgment in a separation action which granted the wife alimony, and to open the default of the defendant, will be denied where it is based on an alleged separation agreement between the parties, which the husband desires to set up as a defense to the separation action, and which purports to release the husband from paying any allowance or alimony for the support and maintenance of the wife at any time whatsoever, since the agreement is invalid under section 51 of the Domestic Relations Law, and would constitute no defense to the action.

APPEAL by the plaintiff, Cacelie Mabbett, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of May, 1921, vacating a judgment for separation and opening defendant's default.

*George Thoms,* for the appellant.

*John P. Everett,* for the respondent.

PAGE, J.:

The plaintiff brought an action for a judicial separation from her husband on the ground of abandonment and nonsupport. The defendant defaulted in appearing and pleading, and the cause was tried, resulting in a judgment of separation and for twenty dollars per week alimony. The defendant served a notice of motion " for an order vacating the judgment entered, dated March 31, 1921, and opening the default of the defendant and setting aside all proceedings had herein; and for such other and further relief as shall be just and equitable." A short-form order was entered which stated: " Upon the

foregoing papers this motion is granted upon payment all costs to date." Although in his affidavit the defendant asked to be permitted " to serve an answer to the complaint, setting up as a separate defense, the separation agreement hereto annexed and above referred to as a bar to the decree now sought to be vacated," no copy of a proposed answer was served nor did the order grant any leave to serve the same.

The separation agreement, which is attached to the moving papers, provides that the parties may live separate and apart from each other, and contains the following: " The party of the second part, the wife, agrees that the party of the first part, the husband, is hereby released from paying any allowance or alimony for her support and maintenance at any time whatsoever; and the party of the first part, the husband, shall be held by the party of the second part free from all and every debt or debts which she shall, after the day and date hereof, contract." If it was the desire of the defendant to set up this provision of the separation agreement as a bar to the maintenance of this action his motion should not have been granted. The Domestic Relations Law (§ 51) provides that a husband and wife cannot contract to relieve the husband from his liability to support his wife and such an agreement is void. (See *Gewirtz* v. *Gewirtz*, 189 App. Div. 483, 486.)

The defendant presents no excuse whatsoever for having suffered a judgment by default. The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.