THURZA ARLENE STONE, Plaintiff, v. WALTER N. STONE, Defendant.

Supreme Court, Special Term, Broome County, April 10, 1940.

*Harris Lee White,* for the plaintiff.

*Alec Rosefsky,* for the defendant.

DEYO, J. The defendant opposes this motion on the grounds that on or about the 28th day of July, 1939, the parties hereto entered into a separation agreement whereby their respective rights were established and provision made for the support of the plaintiff.

This agreement effected a division of the real property which the parties owned as tenants by the entirety and their furniture and household goods. The agreement provided: " The wife accepts the agreement in regard to real property and the personal property hereby acquired by her in her sole right in full settlement and satisfaction of any claims for support and maintenance, and she hereby consents and agrees that so long as the husband shall duly keep and perform the covenants, agreements, and conditions to be kept and performed by him hereunder, she will not make any claim for support and maintenance and will not at any time hereafter contract any debts, charge or liability whatsoever, for which the husband, or his property or estate, shall or may be or become liable or answerable, and the wife hereby covenants and agrees that she will at all times hereafter, save the husband free and harmless from any and all debts or liabilities which may hereafter be incurred."

Section 51 of the Domestic Relations Law provides: " but a husband and wife can not contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife." It has been repeatedly held that the State has an interest in the marriage relation, including the duty of the husband to support the wife, which the parties cannot violate by agreement. (*Tirrell* v. *Tirrell*, 232 N. Y. 224.) True, the parties may enter into an agreement providing for the separate support and maintenance of the wife (*Galusha* v. *Galusha*, 116 N. Y. 635), which agreement will be treated as valid and binding until set aside. (*Greenfield* v. *Greenfield*, 161 App. Div. 573, 575; *Davis* v. *Davis*, 195 id. 430.) However, that is not the situation with which we are confronted in the instant case. Here the agreement merely worked a division of property, real and personal, to which the plaintiff had title or in which she had an interest before the separation agreement was entered into. Rather than providing for the maintenance of the wife, this agreement attempted to relieve the husband from his liability in this respect. For this reason it offends section 51 of the Domestic Relations Law and constitutes no bar to the application for alimony and counsel fees. (*Tirrell* v. *Tirrell, supra; Dworkin* v. *Dworkin,* 247 App. Div. 213; *Mabbett* v. *Mabbett*, 197 id. 654; *Pignatelli* v. *Pignatelli,* 169 Misc. 534; *Matter of Sitkin,* 151 id. 448.)

Temporary alimony in the amount of five dollars a week and counsel fees in the amount of seventy-five dollars is granted, with leave to apply for an additional allowance at the time proof is taken.

Submit order.