LILLIAN RUBINFELD, Appellant, v. LEONARD RUBINFELD, Respondent.— Plaintiff, who obtained an absolute divorce from defendant on October 8, 1935, appeals from an order denying her motion that defendant be adjudged to be in contempt of court for failure to pay alimony. Order reversed on the law, with ten dollars costs and disbursements, and the motion to adjudge defendant to be guilty of contempt of court for failure to pay plaintiff the sum of $207 alimony, pursuant to the final judgment of divorce made and entered herein on the 8th day of October, 1935, granted, with ten dollars costs. Defendant is fined the sum of $207 for his misconduct, with leave to purge himself of the said contempt by paying to plaintiff the sum of $207, the time and manner of payment to be fixed in the order to be entered hereon. The agreement between the parties was valid as measuring the support to be provided by defendant for five years, but in so far as the agreement purported thereafter to exempt him from his duty to provide continuing support for plaintiff, it was invalid, and the decree is in full force. ( *Kyff* v. *Kyff*, 286 N. Y. 71, 73, 74.) It is of no moment that in the case cited the money was paid in a lump sum, while in the case at bar payment extended over a period of years. In each case, the purpose was to exempt the husband from his continuing duty from the time of payment of the agreed amount. The alleged fraud of plaintiff and her former attorney in failing to inform the court of the execution of the agreement and in failing to have the agreement incorporated into the decree was of no effect. If the terms of the agreement had been included in the decree, the result would have been the same; both the decree and the agreement would have become invalid, upon completion of the payment, in so far as they purported to exempt defendant from the duty imposed by section 51 of the Domestic Relations Law. This court's affirmance of an earlier order denying plaintiff the relief she is now seeking (*Rubinfeld* v. *Rubinfeld*, 261 App. Div. 994) was placed upon the sole ground that it was not shown that defendant had been served with a certified copy of the judgment, and the affirmance was, therefore, not an adjudication upon the merits. Service of the judgment was effected before the present motion was made. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur. Settle order on notice.