ROSE LEEDS, Respondent, v. MAX K. LEEDS, Appellant

First Department, December 11, 1942.

*Isidor Glasgal* of counsel (*Arthur M. Arginteanu* with him on the brief), for appellant.

*Frederick E. Weinberg* of counsel (*Irving J. Kurz,* attorney), for respondent.

CALLAHAN, J. Plaintiff's complaint asks for a judgment of separation based upon refusal to provide, and cruelty. Defendant's answer asserts, by way of a separate defense, the existence of a valid and enforcible contract of separation. By reply plaintiff asserts that the separation agreement is illegal, unenforcible, and void, because: (1) it contravenes public policy in that it attempts to relieve the husband of his obligation to support his wife; and (2) it was obtained by duress. No prayer for a decree avoiding the separation agreement was contained in the complaint.

If a separation agreement attempts to relieve a husband of his obligation to support his wife, it is void as against public policy (Domestic Relations Law, § 51; Cons. Laws, ch. 14). Such an agreement may be disregarded, and an action may be brought for separation. (*Dworkin* v. *Dworkin,* 247 App. Div. 213.) By seeking a judgment of separation under such circumstances the wife elects to repudiate the agreement of separation. (*O'Brien* v. *O'Brien,* 252 App. Div. 427.)

Here defendant's answer pleads the existence of a valid agreement of separation, and annexes a copy of the agreement to the pleading. The agreement provides that the husband is to pay his wife $27.50 a week until the issue of the marriage (a child two years of age) shall arrive at the age of twenty-one, unless the wife or the child die prior to the occurrence of the child's majority, or unless the child should marry before that time. The contract, would thus appear to provide that the payments to the wife would cease if the wife outlived the child, or lived beyond the child's marriage or twenty-first birthday.

In *Kyff* v. *Kyff* (286 N. Y. 71, at pages 73, 74) our Court of Appeals stated: "Although a husband and wife may in general freely contract with one another as do strangers, under the laws of this State, ' a husband and wife can not contract * * * to relieve the husband from his liability to support his wife.' (Domestic Relations Law [Cons. Laws, ch. 14], § 51.) In other words, a wife may not voluntarily release her husband from his *duty* to support her and neither may the husband for a consideration purchase exemption from that duty. (*Goldman* v. *Goldman,* 282 N. Y. 296, 302.) Nonetheless, where the husband and wife agree upon the *measure* of the support which they deem proper for the benefit of the wife, then the court will not compel the husband to support the wife in a greater sum (*Goldman* v. *Goldman, supra,* at pp. 300, 301; *Galusha* v. *Galusha,* 138 N. Y. 272), unless the amount agreed upon is plainly inadequate. (*Goldman* v. *Goldman, supra,* at p. 301; *Tirrell* v. *Tirrell,* 232 N. Y. 224; *Hungerford* v. *Hungerford,* 161 N. Y. 550.) "

In the present case no averment is found in the pleadings that the provision made for the wife is inadequate, although facts are recited to show that the husband's income is in excess of fifteen thousand dollars ($15,000) a year.

If it was the intention of the parties to the present agreement to relieve the husband of his obligation to support his wife, the agreement would be void because it violated our public policy (Domestic Relations Law, § 51).

The provisions found in the present agreement for the payment of $27.50 a week might be said to be a measure of the wife's support, whether adequate or not, if such payments were to continue throughout her lifetime; but here the payments may cease altogether during the wife's lifetime upon the death, or marriage of the child, or upon the child reaching its majority. Under such circumstances the sums paid seem to be more than a measure of support. An attempt is made, if we read the intentions of the parties correctly, to make these temporary payments consideration for the release of the husband from further liability for support after they cease.

Plaintiff claims that in fact, what the parties intended to do was to contract to relieve the husband of any obligation other than to provide for the child. She claims that the agreement is ambiguous, and that the actual intention of the parties to relieve the husband of the obligation to support his wife may be shown by parol evidence.

We need not determine whether such proof would be proper or necessary. The reply pleads for the construction of the

agreement which would place it in conflict with the provisions of the statute (Domestic Relations Law, § 51). We cannot say that on the face of the agreement the construction so contended for by plaintiff is unwarranted. Under the circumstances judgment may not be granted to defendant on the pleadings.

We find that the complaint sufficiently states a cause of action for separation, and that the plea of duress is likewise sufficient.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Order unanimously affirmed with twenty dollars costs and disbursements.