Lilly Cohen, Respondent, *v.* Louis Cohen, Appellant.

Supreme Court, Appellate Term, First Department, December 22, 1949.

*Harvey I. Harris* and *Morton Brauer* for appellant.

*Alfred A. Walter, James L. Walter* and *Martin E. Mandel* for respondent.

HOFSTADTER, J.   The action is brought by a wife to recover payments claimed to be due under a separation agreement dated January 18, 1946, executed in effectuation of a stipulation of settlement made on the record in the Supreme Court, Kings County, when the wife's separation action came on for trial.   The provision of the separation agreement in controversy is: " 4. That the second party, beginning with the date of this agreement, shall pay to the party of the first part, the sum of Twenty ($20.00) Dollars per week for the maintenance and support of the first party during her lifetime, or until such time as she remarries, and the further sum of Fifteen ($15.00) Dollars per week for the maintenance, support, and education of the said child, Jerome Ira Cohen, during his minority and all of said payments shall be made at the time of visitations by the party of the second part, or by mail to the residence of the party of the first part.   In the event the party of the first part is employed at a salary or on a commission basis, either directly or indirectly, then the payment of Twenty ($20.00) Dollars for her support and maintenance, shall be suspended."

Thereafter the wife brought a second action in the Supreme Court, Kings County, in which she set out two causes of action, one for a separation on the ground of cruelty and failure to provide and the second to set aside the separation agreement for fraud.   A severance of the two causes was directed and the second, to set aside the agreement, came on for trial before Mr. Justice HILL in February, 1949.   Judge HILL found that the plaintiff had failed to make out her charge of fraud and dismissed the second cause of action.   It was, however, established on that trial that the wife had become employed after the execution of the separation agreement and that in accordance with its terms the husband had made no payments thereunder for the wife's support, though he had made the required payments for the support of the child.   The court rendered an opinion

in which it held the provision for the suspension of payments for the wife's support during her period of employment a violation of section 51 of the Domestic Relations Law and pronounced it void as against public policy. Judge HILL declared the remainder of the agreement to be valid. In accordance with the opinion set out at length, judgment was entered on March 24, 1949, adjudging that the provision suspending payments " during the term that the plaintiff is or has been employed be and the same hereby is declared null and void as against public policy and the statute law of this State."

Thereafter this action was begun to recover the payments which had accrued from February 28, 1947, to January 21, 1949, when the wife was employed, and also for the eight weeks from January 21, 1949, to March 18, 1949, when she was unemployed. There is, of course, no doubt that the plaintiff is in any event entitled to recover this last item.

The disposition of the appeal turns on the proper interpretation of the Supreme Court judgment determining the invalidity of the provision for suspension of payments when the wife was employed. The plaintiff argues that the judgment declared the invalidity *ab initio,* while the defendant insists the declaration was not retroactive but operated only in the future.

There is no question of the validity of the remainder of the agreement, for Judge HILL's opinion and a recital in the judgment expressly state that the remainder is " valid, just and reasonable and in accordance with the defendant's income." In my opinion, this determination held the suspension provision to be separable from the remainder of the agreement. It pronounced the provision void and struck it from the separation agreement as completely as if it had never formed part of the agreement. The suspension provision, being separable, was excised, but the agreement was otherwise left intact. The excision necessarily took effect from the very inception of the agreement, which is then to be read and enforced as if it always was one for the unconditional payment of $20 per week to the wife during her life or until her marriage. In the circumstances, there is no valid obstacle to the plaintiff's recovery.

An additional ground leads to the same result. As stated, the Supreme Court had before it the wife's prior employment and the suspension of payments during her employment. After the decision of Judge HILL both the plaintiff and the defendant submitted proposed judgments and the form proposed by the plaintiff was signed. The plaintiff's proposed judg-

ment both in the recital and in the decretal part used the phrase "during the time that the plaintiff is or has been employed." In the defendant's proposed judgment, on the other hand, the phrase appears in both instances as "during the time that the plaintiff is employed" omitting the words "or has been". I see no escape from the view that the adoption of the plaintiff's rather than the defendant's form of judgment was purposeful and expressive of the court's declaration of invalidity as of the time the agreement was entered into rather than as of the time of the declaration. It seems to me that unless we so hold, the words "or has been" become utterly meaningless. The determination that the provision for suspension of payments during the time that the plaintiff "is or *has been*" employed was null and void either meant that the suspension of payments which had already taken place was unlawful or it meant nothing at all.

This disposition, resting, as it does, on the prior judgment, makes it unnecessary to determine whether, as contended by the respondent, *Haas* v.·*Haas* (298 N. Y. 69) requires the same conclusion or how far a wife's executed agreement to forego her rights under section 51 of the Domestic Relations Law ordinarily concludes her.

The judgment and order should be affirmed, with $10 costs and disbursements.

PECORA, J. (dissenting). I think the judgment below should not be sustained. At most, plaintiff should be permitted to recover only payments which became due following plaintiff's commencement of the action in Kings County to set aside the separation agreement.

In *Manufacturers Trust Co.* v. *Gray* (278 N. Y. 380, 386) the court said: "We have said that though an agreement by a wife to exonerate her husband from his obligation to support her may be void 'in the sense that so long as it remained executory it could not be enforced against her,' yet the wife has the right to perform it and having done so cannot undo what has been done by recalling what she has paid or requiring the husband to reimburse her. (*Third Nat. Bank* v. *Guenther*, 123 N. Y. 568, 576; *Pierce* v. *Pierce*, 9 Hun, 50.) "

There are similar expressions in *Bowman* v. *Bowman* (271 App. Div. 943), *Matter of Brenner* (268 App. Div. 1001) and *Ghering* v. *Ghering* (262 App. Div. 1065).

I do not agree with the contention of the respondent that *Haas* v. *Haas* (298 N. Y. 69) overruled the law contained in

the above cases. In *Haas* v. *Haas* (*supra*) the action by the wife was not predicated on the separation agreement. She was suing for separation claiming nonsupport. The husband interposed the void separation agreement as a defense. Plaintiff's recovery there for any alimony, even if allowed for the period during which the husband suspended payments (and there is nothing in the case to show that such alimony would be given for any time prior to the commencement of the separation action), would be in such sum as would be fixed by the court, and not the amount stipulated in the separation agreement. Since in the instant case the plaintiff is suing on the separation agreement, the doctrine of waiver or estoppel enunciated in *Manufacturers Trust Co.* v. *Gray* (278 N. Y. 380, *supra*), and the other cases cited above, would be applicable.

Moreover, I do not agree with that part of the prevailing opinion which assigns significance to the fact that Justice HILL, in the action in Kings County, signed plaintiff's rather than defendant's, proposed judgment. Laying emphasis on the words in the judgment used in the phrase " during the time that the plaintiff is or has been employed " as determinative is entirely speculative. Those words are not intended to constitute a holding with respect to a right to recover the payments which had already been suspended, but should be read as an adjective clause describing the separation agreement referred to. Thus the decree reads: " * * * Decreed that the provision in the separation agreement between the parties dated the 18th day of January, 1946, which suspends the payments of $20.00 per week, * * *."

The words describe the " provision " of the agreement which is declared void and should not be taken to define what was declared invalid. All that was declared void was the provision of the agreement before the court, and plaintiff should not be permitted to take advantage of fortuitous language to convert such language into a holding.

Although, as I said hereinabove, I believe plaintiff is entitled to recover for payments made after the commencement of her action in Kings County (because at that moment she, in effect, repudiated her waiver of nonsupport as to future payments), the record is barren of any proof as to such date. There is an obvious misstatement at page 9, folio 25, that the action was commenced " March 24, 1949 ".

Consequently, I think the order and judgment should be reversed and the case remanded to the court below for additional affidavits as to the date of commencement of the action

in Kings County, and that we should express the view that plaintiff would then be entitled to summary judgment at the rate of $20 per week from the date of commencement of the said Kings County action to March 18, 1949.

HAMMER, J., concurs with HOFSTADTER, J.; PECORA, J., dissents in opinion.

Judgment and order affirmed, etc.