Charles A. Loreto, J.
Motion to confirm a Referee’s report is denied.
The court construes paragraph “Fifth” of the separation agreement dated April 12,1956, as violative of section 51 of the Domestic Relations Law. An agreement which arbitrarily permits the husband to determine the measure of support which he shall provide for his wife is void. In Tirrell v. Tirrell (232 N. Y. 224, 229) it was said: “ The manner in which the wife is to be supported by the husband in a discharge of the obligation imposed upon him is not dependent upon any whim or caprice on his part, neither is he permitted to arbitrarily determine the measure of support which he shall provide for his wife. To clothe a husband with such discretion might easily result in a wife becoming a public charge, while a husband might continue to live in luxury. The law is not only more stringent but more merciful and requires that the measure of support shall be commensurate with the manner in which the parties have lived and a consideration of the ability of the husband to furnish means of support.” (See, also, Haas v. Haas, 298 N. Y. 69; Kyff v. Kyff, 286 N. Y. 71, 74; Rubinfeld v. Rubinfeld, 264 App. Div. 888; Leeds v. Leeds, 265 App. Div. 189; Kramer v. Kramer, 248 App. Div. 781.)
The excision of paragraph “ Fifth ” does not vitiate the entire agreement since other provisions of the agreement which provide for support of the plaintiff are valid and enforcible. They are separable and divisible from the condemned provisions and do not relieve the defendant of or diminish his obligations to provide continuing support to the plaintiff (see Leeds v. Leeds, 284 App. Div. 869, affd. 308 N. Y. 991; Rubinfeld v. Rubinfeld, 264 App. Div. 888, supra; Schiff v. Schiff, 270 App. Div. 845; Matter of Brenner, 44 N. Y. S. 2d 447, affd. 268 App. Div. 1001; Hoops v. Hoops, 266 App. Div. 512; 6 Williston, Contracts [Rev. ed.], § 1779).
It appears from the record that the Referee suspended the hearing to enable him to determine the validity of the agreement and that he would continue the hearing to a conclusion should he hold the agreement valid. The matter is remitted to him to take proof on the other referred matters and to submit a further report thereof expeditiously. The determination of the motion in the main will be held in abeyance until the coming in of the Referee’s further report.