(July 2, 1968)

■ ALEXANDRA B. RIPLEY, Appellant, v. LEONARD RIPLEY, Respondent. — Order entered February 13, 1968 affirmed, without costs or disbursements to either party. The parties entered into a separation agreement each side being represented by counsel. Presumably, the provisions for the support of the wife were satisfactory to the wife and to the counsel at the time the agreement was signed. The courts may not upset the arrangement entered into between the parties, unless it be shown that the agreement relieved the husband of his obligation to support his wife, or that the provisions for the wife's support were wholly inadequate for her maintenance. (See *Dolan* v. *Dolan*, 296 N. Y. 860; cf. *McMains* v. *McMains*, 15 N Y 2d 283.) There has been no showing that the agreement entered into between the parties was such as would tend to relieve the husband of his obligation to support his wife, or that the provisions made for the wife were inadequate for her maintenance and support. Added to other provisions for the benefit of the wife, the husband gave her a very valuable asset, namely, a co-operative apartment. That apartment is capable of generating sufficient revenue to satisfy the law's mandate with respect to the husband's continuing obligation to support his wife. Indeed, the record indicates that the wife did, in the past, rent this apartment and she retained the revenue. The agreement need not presently be considered void or voidable by reason of the fact that the husband agreed to maintain the apartment for only a period of 15 years. (See *Leeds* v. *Leeds*, 308 N. Y. 991.) Concur — Eager, J. P., Capozzoli, McGivern and Rabin, JJ.; McNally, J., dissents in the following memorandum: In my opinion the separation agreement of December 20, 1963 is violative of section 5-311 of the General Obligations Law and, therefore, does not preclude an award of support for the wife. The provisions for the wife, in the light of the pre-separation living standard, fail to qualify as an adequate measure of respondent's obligation in respect of support. The parties may make voluntary arrangements for periodic support payments. (*Haas* v. *Haas*, 298 N. Y. 69; *Jackson* v. *Jackson*, 290 N. Y. 512; *Rubinfeld* v. *Rubinfeld*, 264 App. Div. 888.) Here, however, there is no provision for support other than shelter for a limited period and medical expense. The other financial provisions for the wife are insignificant in the light of her waiver of interest in the husband's estate. The agreement serves, therefore, to relieve the husband of his legal obligation to feed, clothe and otherwise maintain the wife according to the preseparation standard of living, except as to shelter and medical expense.