OPINION OF THE COURT
Memorandum.
Order should be affirmed, without costs.
In defendant wife’s prior action for divorce, of necessity the validity of the entire separation agreement, regardless of interim inconclusive colloquy between counsel and court, was before the court, but the support provision alone was invalidated. Hence, since direct estoppel or claim preclusion is involved, the wife cannot now litigate whether public policy is offended by the additional provision calling for her to reconvey the husband’s interest in the property should she seek to - cancel the agreement or apply for an increase in support (see, e.g., Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307; cf. Matter of American Ins. Co. [Messinger], 43 NY2d 184, 189, n 2).
Were the issue not foreclosed by the doctrine of res judicata, however, plaintiff husband would still be entitled to reconvey *720 anee. Affording the wife the alternatives of adequate support or sole ownership of the marital residence does not unlawfully contract away the husband’s obligation of support (see, generally, General Obligations Law, § 5-311; Haas v Haas, 298 NY 69, 71-72). That the reconveyance was perhaps phrased as a penalty does not alter the fact that at all times the wife had a choice.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.