■ ELIZABETH G. BERVY, Appellant, v MAX A. BERVY, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered February 16, 1978 in Columbia County, which granted defendant's motion to dismiss plaintiff's amended complaint. On the motion to dismiss the complaint, affidavits were submitted by the plaintiff in support of the complaint, but there were no affidavits by the defendant and no answer was interposed and the issues were not framed. In that respect, the motion differs from one for summary judgment where detailed affidavits by both litigants are before the court. In view of the present circumstances and accepting the allegations of the complaint as true, as we must, the third cause of action therein, in its present posture, alleges a cause of action (see *Christian v Christian*, 42 NY2d 63, 72). We would also note that the agreement by its precise terms will result in a violation of section 5-311 of the General Obligations Law by relieving the defendant of plaintiff's support after five years unless she should sooner die or remarry. Nevertheless, the plaintiff may not avoid the binding effect of the contract prior to the time when the defendant no longer is obligated to provide for her support upon that ground *(Henderson v Henderson*, 47 AD2d 801, app dsmd 37 NY2d 782; *Ripley v Ripley*, 30 AD2d 782, affd no opn 24 NY2d 770). In so deciding, we do not reach the merits of the controversy. Order modified, on the law and the facts, by reinstating the third cause of action in the amended complaint; matter remitted to Special Term, and, as so modified, affirmed, with costs. Mahoney, P. J., Kane, Staley, Jr., Main and Herlihy, JJ., concur.