ESTHER E. HEFLIN, Plaintiff, *v.* ÉMMETT E. HEFLIN, Defendant.*

Supreme Court, Special Term, New York County, August 1, 1941.

*Goldberg & Hatterer*, for the plaintiff.

*Levy & Molloy* [*J. G. L. Molloy* and *Jacques W. Bacal* of counsel], for the defendant.

HOFSTADTER, J.  The plaintiff and defendant were married in 1934, aged twenty-one and twenty-five, respectively.  After a short marital life of only a few months the parties separated.  At the time of the marriage and separation they both were engaged in the theatrical profession but without too great success.  The plaintiff procured an uncontested absolute divorce in 1936.  In this action she neither asked for nor was granted any alimony.  In 1937 the financial condition of the defendant improved somewhat, and on application of the plaintiff the final decree was amended to provide for payments of alimony at the rate of seventy-five dollars per week.  Difficulty was experienced in collecting these amounts from the defendant and from time to time judgments were entered against him.  In 1938, by mutual agreement between the parties, a written stipulation was entered into to satisfy all claims for alimony, past, present and future, by a lump sum payment of $5,000.  A sum of $1,000 was paid at once (the defendant asserts by a loan) and the balance was to be liquidated by tri-annual installments of $500.  This stipulation was incorporated in a court order.

The plaintiff now moves to set aside this order and to reinstate the prior order of the court awarding alimony on the ground that the agreement was " unconscionable and improvidently entered into; that it was inadequate, inequitable and unjust; that the settlement was the result of duress, fraud upon the court, concealment and suppression of the facts," and on the further ground that the agreement is void as the plaintiff now is liable to become a public charge.

The claims of fraud and duress and overreaching are not supported by the record.  It is undisputed that the plaintiff was represented by competent counsel and indeed it is admitted that all the papers, including the order entered on the stipulation, were in fact drawn and prepared by her own attorneys.  Moreover, the plaintiff accepted the installments for a period of three years before advancing any such claims.

The situation is quite clear.  In 1938 the plaintiff was willing to accept the lump sum settlement; now that the last payment of $500 has been received, she has repented of her bargain.  The plaintiff in her own affidavit has frankly stated why she was persuaded in her own mind to accept the settlement agreed on.

" I felt quite helpless about ever being able to make the defendant comply with the terms of Mr. Justice MILLER's order, believed that I might obtain more lucrative employment and the sum of $5,000, the amount of the settlement seemed enormous to me even though I was to receive $4,500 of this amount over a long period of time." It must be borne in mind that the plaintiff was only twenty-five years of age at the time of the settlement (she is only twenty-eight now); was employed and probably contemplated an early marriage. Her hopes of obtaining more lucrative employment were not realized and now that no further payments are to be made, the amount of the settlement does not seem so " enormous " especially as it appears that the defendant has since improved his financial condition considerably. On this state of the record the court must reject the half-hearted, unsubstantiated claims of fraud and duress. In the final analysis only a question of law is thus involved, namely, whether the plaintiff may seek to set aside the stipulation and order solely on the ground of inadequacy and inequity. Is the plaintiff bound by her voluntary agreement entered into with a full knowledge of all the facts and circumstances?

In support of her position, the plaintiff cites only the cases of *Kyff* v. *Kyff* (286 N. Y. 71; revg. 260 App. Div. 472) and *DeRobertis* v. *DeRobertis* (261 App. Div. 476). These cases establish the law with respect to lump sum settlements contained in separation agreements or otherwise entered into while the parties are still husband and wife. It is clear that where the marriage relation exists, the provisions of section 51 of the Domestic Relations Law are operative and a husband and wife cannot " contract * * * to relieve the husband from his liability to support his wife " at least by an inadequate or inequitable settlement. (See *Goldman* v. *Goldman*, 282 N. Y. 296, 302; *Galusha* v. *Galusha*, 138 id. 272.) But there seems to be no controlling and decisive authority with respect to like agreements after a decree of absolute divorce which has dissolved the marital relation.

In *Ostrin* v. *Posner* (127 Misc. 313) the court (while granting relief as the settlement agreement was not supported by any consideration) found a distinction to exist with regard to executed agreements with respect to alimony obligations under a divorce decree, on the ground that where a decree of divorce has been entered, the provisions of section 51 have no application since the parties are no longer husband and wife.

In *Van Ness* v. *Ransom* (164 App. Div. 483; affd., *sub nom.* *Parsons* v. *MacFarlane*, 220 N. Y. 605) it was held that a lump sum agreement entered into after the marriage relation was termi-

nated by a decree of absolute divorce is binding on the parties in the absence of an affirmative showing of fraud or duress.

In *Karlin* v. *Karlin* (280 N. Y. 32) the court permitted the husband to amend a final decree of absolute divorce *nunc pro tunc* as of the date it became final to include a provision incorporating a subsequent lump sum agreement of the parties to accept $1,000 in lieu of alimony " so as to square it with what was then the obligation of the husband under the agreement made by the parties * * *." The wife (who had sought to enter judgment for $5,590 on the basis of the amount of alimony stated in the decree), in opposition to the application, set forth grounds similar to those advanced herein as a basis for relief.

Though the question is not raised squarely, the decision of the court is a clear indication that a similar conclusion should obtain in an application by the wife to set aside an amendment of the decree — not induced by fraud or duress — which relieved the husband of his obligation to pay alimony in consideration of the receipt of a lump sum then acceptable to the wife.

In the instant case the agreement was supported by ample consideration; it was fully executed and it is not established that it was induced by fraud or duress. Under these circumstances there is no valid basis for setting it aside merely on the grounds of the claimed inadequacy.

Accordingly, the motion is denied.