Owen McGivern, J.
Plaintiff wife moves herein to amend a final judgment of divorce rendered in her favor, and so to provide for her support.
The parties hereto were married in 1934, and the wife was granted a judgment of divorce in 1941. The sole issue of the marriage, a daughter, is now of age.
In 1955 the plaintiff sued the defendant for the sum of $30,000, alleged to have been spent by her for the support of the daughter, then an infant. This action was settled by a payment of $6,500 by the defendant to the plaintiff, in return for which she signed a release wherein she waived both alimony and support. Sufficient evidence is not presented which would warrant a finding that such signing was induced by fraud or coercion. It now appears that the plaintiff was retired as a teacher by the Medical Board of the New York Teachers Board of Retirement by reason of injuries received in an automobile accident and “ certain other medical reasons,” and that as a result of such action, she receives disability benefits of $289 per month. While this is not a substantial sum, it cannot be said there is danger of her becoming a public charge.
Thus, we have here presented the question of whether a judgment of divorce granted to a wife but providing for no alimony, can be modified so as to provide for alimony (1) where, subsequent to the divorce, the wife, for valid consideration, released the husband of all claims ‘ ‘ for alimony or support, past, present, or in the future, ” (2) where there is no proof of fraud or coercion in the granting of the release, and (3) where the wife is not likely to become a public charge.
Attorneys for both- parties, in superbly documented briefs and affidavits, have been of great help to the court in arriving at a disposition. For example, among the cases cited by the defendant’s attorney is that of Heflin v. Heflin, (177 Misc. 290 [Sup. Ct., N. Y. County, 1941], affd. 263 App. Div. 714 [1941]). In that case my learned colleague, Mr. Justice IIofstadter, held that section 51 of the Domestic Relations Law (which prohibits contracts relieving husbands of their duty to support) was inapplicable to agreements made after the marital relationship had been terminated by divorce. Therein, a judgment granting a divorce had been first modified to provide weekly alimony and thereafter to incorporate a lump-sum settlement agreement. The wife then moved to have the second modification order set aside and the weekly alimony order reinstated, upon the ground that the settlement was improvident and inadequate. Mr. Justice Hofstadter denied her motion, holding that a post-divorce lump-sum settlement could not be set aside on such grounds. The *336 Appellate Division affirmed without opinion, Mr. Justice Untebmyeb dissenting. If this case were the ultimum verbum on the subject, the instant motion would have to be denied.
However, the subsequent case of Hoops v. Hoops (292 N. Y. 428 [1944]; 269 App. Div. 968 [1st Dept., 1945]), and on which the plaintiff heavily leans, indicates that the law is to the contrary. In that case the divorce decree provided weekly alimony. Thereafter, a lump-sum settlement agreement was executed and performed, and the decree was modified so as to relieve the husband of all duty to support the wife. Having spent the sum she received, the wife brought an independent action in equity to set aside the agreement and the provisions of the divorce judgment relieving the husband of his duty to support; no claim was urged that the agreement was procured by fraud or duress. The Court of Appeals unanimously held that no independent action lay for the relief requested, since the divorce action must be regarded as still pending, in view of the provisions of section 1170 of the Civil Practice Act authorizing modification of the alimony provisions of divorce judgments at any time. Judge Rippey, writing the opinion of the court, cited Heflin v. Heflin (supra) solely for the proposition that section 51 of the Domestic Relations Law is inapplicable to agreements made after divorce. He continued (292 N. Y. 428, 432-433, supra):
“ So far as section 51 of the Domestic Relations Law is concerned, it furnishes no basis, by virtue of its terms alone, for the action at bar.
“ The Legislature has, by separate act, provided a remedy for support and maintenance for the wife who has succeeded in an action for absolute divorce in a proper case (Civ. Prac. Act, § 1170). By the provisions of that section, the court, at any time after final judgment, may annul, vary, modify or amend a final judgment for the support of such a plaintiff (Fox v. Fox, supra [263 N. Y. 68]). Jurisdiction over the matrimonial relation and its ultimate consequences exists only by virtue of statute (Waddey v. Waddey, 290 N. Y. 251, 253). When that statute additionally provides the procedure by which and the court and proceeding in which the remedy of one who has a grievance must be pursued, where such a remedy did not formerly exist, all other procedure and remedies are thereby excluded for the settlement of such a grievance (Matter of Meng, 227 N. Y. 264, 273, 277).
“If the plaintiff seeks further support and maintenance from the defendant, she must find her remedy exclusively in the court and in the proceeding designated in section 1170 of the Civil Practice Act.”
*337 The wife therein, Mrs. Hoops, followed the suggestion thus made and moved in the matrimonial action for an order modifying the divorce judgment so as to award her alimony. The Appellate Division unanimously reversed an order denying her motion and granted her alimony of $25 per week. In its Per Curiam, opinion the court said (269 App. Div. 968): “ This proceeding for an award of alimony was properly commenced by plaintiff under the provisions of section 1170 of the Civil Practice Act. The Court of Appeals has indicated (Hoops v. Hoops, 292 N. Y. 428, 433) that the court retains jurisdiction in every divorce action, after the granting of a decree of divorce, to amend, annul or modify provisions for maintenance and support.”
Further support for the view that the Hoops case {supra) establishes that a post-decretal lump-sum agreement does not preclude the award of alimony is found in Kraunz v. Kraunz (293 N. Y. 152 [1944]). There Chief Judge Lehman said of the power of courts under section 1170 of the Civil Practice Act (p. 156): “The parties could not by contract divest the courts of that power {Hoops v. Hoops, 292 N. Y. 428, decided April, 1944) ”.
The defendant husband herein attempts to avoid the impact of the Hoops case {supra) by citing portions of the record therein as indicating that relief was granted to the wife because she was likely to become a public charge. From that fact an attempt is made to draw the conclusion that it is only under such circumstances that a court may exercise its powers under section 1170 of the Civil Practice Act in the face of a postdecretal lump-sum agreement. The difficulty with this contention is that no such limitation is expressed in the opinion of Judge Rippey in the Hoops case (292 N. Y. 428, supra), in the Per Curiam opinion of the Appellate Division in the same case (269 App. Div. 968, supra), or in Chief Judge Lehman's opinion in the Kraunz case (293 N. Y. 152, 156, supra).
Defendant’s counsel also points to Kennedy v. Kennedy (283 App. Div. 1040 [1st Dept., 1954], affd. 308 N. Y. 944 [1955]), as indicating such a limitation. An examination of the record and briefs on appeal to the Court of Appeals therein discloses, however, that this issue was not presented. In that ease there were both a pre-divorce lump-sum settlement and post-divorce general releases. The wife’s counsel stated that he would not quarrel with the general proposition that post-divorce agreements are binding, but insisted that the general releases were not effective as to future claims for support. But, the Appellate *338 Division in the Kennedy case (supra), neither in its majority opinion nor dissenting opinion, referred to the post-divorce releases. Accordingly, the case cannot logically be regarded as authority to sustain defendant’s position herein.
The conclusion of this court is that the release herein does not preclude the granting of relief under section 1170. This conclusion leads to the remaining open questions, (1) whether such relief should, in the court’s discretion, be granted, and (2) if so, to what extent.
As to the first question, the answer is in the affirmative and this much of the application is granted.
The plaintiff wife alleges, with some factual support, that the defendant is, and was in 1955, a man of substantial means and income, and on this submission, this does appear to be so. The sum of $6,500 which defendant paid to plaintiff in 1955 (supra) was not merely a lump-sum settlement of her claims for alimony, but was also in settlement of her then-existing action for $30,000. In the light of their relative positions, it cannot be deemed adequate. Now, the plaintiff apparently is not in good health and is no longer young. And the sum of $289 which she presently receives monthly does not appear to be sufficient to afford her appropriate maintenance, under all the circumstances.
As to the amount to be awarded, the papers submitted are not sufficiently detailed as to warrant a determination at this time, and therefore a reference is necessary to inquire into what alimony should be allowed the movant wife. Pending the coming in of the report of the Referee, the motion will be held in abeyance.
Settle order providing, inter alia, for the appointment of an Official Referee to hear and report with recommendations as requested.