FRANCES KYFF, Appellant, *v.* HERMAN KYFF, Respondent.

Submitted April 25, 1941; decided June 12, 1941.

*Jess G. Schiffmann* and *Louis Fabricant* for appellant.
A separation agreement cannot prevent the court from

awarding alimony where the provisions for support contained in such agreement are inadequate at the time of the application for relief. (*Daggett* v. *Daggett*, 5 Paige Ch. 509; *Collins* v. *Collins*, 80 N. Y. 1; *Harding* v. *Harding*, 203 App. Div. 721; 236 N. Y. 514; *Veeck* v. *Veeck*, 242 N. Y. 558; *Tirrell* v. *Tirrell*, 232 N. Y. 224; *Heaney* v. *Heaney*, 255 App. Div. 879; 280 N. Y. 638; *Goldman* v. *Goldman*, 282 N. Y. 296.)

*Albert A. Verrilli* for respondent. The separation agreement is valid. (*Wilson* v. *Hinman*, 182 N. Y. 408; *Helvering* v. *Leonard*, 310 U. S. 80.) The judgment as modified by the Appellate Division is proper. (*Severance* v. *Severance*, 260 N. Y. 432; *Goldman* v. *Goldman*, 282 N. Y. 296; *Winter* v. *Winter*, 191 N. Y. 462; *Braunworth* v. *Braunworth*, 260 App. Div. 113; *Greenfield* v. *Greenfield*, 161 App. Div. 573; *Goldfish* v. *Goldfish*, 193 App. Div. 686; 230 N. Y. 606; *Levy* v. *Levy*, 149 App. Div. 561; *Benesch* v. *Benesch*, 182 App. Div. 221; *Karlin* v. *Karlin*, 280 N. Y. 32; *Cain* v. *Cain*, 188 App. Div. 780; *Johnson* v. *Johnson*, 206 N. Y. 561.)

FINCH, J. This is an action for divorce brought by the wife. The judgment of the Supreme Court in her favor was modified by the Appellate Division by striking out the provision for support on the ground that the award of alimony was barred by a separation agreement between the parties. Upon this appeal the sole question is whether the existence of the separation agreement should have precluded an award of alimony under the following circumstances.

In 1930, during the pendency of a separation action, the parties entered into an agreement whereby the wife released certain property interests and also gave to the husband the sole custody of the three children of the marriage. By paragraph " Third " the husband agreed to pay the wife the lump sum of $3,000 and by paragraph " Eighth " it was provided: " That the wife agrees to accept said payment hereinbefore provided, in full satisfaction for all claim for support and maintenance of every kind."

The money was paid by the husband as agreed, and the separation action was abandoned. Ten years elapsed and the wife commenced the present action for divorce. At the trial it was established without contradiction that the wife had expended the $3,000 in the course of the ten years, and that her sole source of income consisted of a salary of ten dollars per week which she earned as a waitress. It was also shown that the husband's income was approximately fifty dollars a week. Upon these facts the Supreme Court required the husband to contribute seven dollars per week to the wife. The position taken by the husband is not that the allowance is improper in amount but that under the terms of the separation agreement of ten years ago, he is forever relieved of the duty of support, and that it does not appear that the $3,000 paid for the release " was not a generous settlement and one which fully compensated the plaintiff." (260 App. Div. 472, 474.)

The question presented, therefore, is whether the release executed by the wife as a part of the separation agreement with her husband bars the court from exercising its discretion to award alimony.

The court is directed by statute to make such provision " for the support of [the wife], as justice requires   *   *   * " when the judgment of divorce is granted in favor of the wife. (Civ. Prac. Act, §§ 1155, 1170.) And further, " at any time after final judgment   *   *   * [the court] may annul, vary or modify such a direction." Not only does the duty of the husband to support the wife continue after the marriage has been dissolved at the behest of the wife, but the amount which he is compelled to contribute to her support may be varied by the court from time to time " as justice requires." The husband contends that the court may not exercise these powers because ten years ago he paid the wife $3,000 in order to be released forever after of any duty to support her. By express prohibition of law a husband and wife may not contract to exempt the husband from his continuing duty of support. Although a husband and wife may in general freely contract with one another

as do strangers, under the laws of this State, " a husband and wife can not contract  *  *  *  to relieve the husband from his liability to support his wife." (Domestic Relations Law [Cons. Laws, ch. 14], § 51.) In other words, a wife may not voluntarily release her husband from his *duty* to support her and neither may the husband for a consideration purchase exemption from that duty. (*Goldman* v. *Goldman*, 282 N. Y. 296, 302.) Nonetheless, where the husband and wife agree upon the *measure* of the support which they deem proper for the benefit of the wife, then the court will not compel the husband to support the wife in a greater sum (*Goldman* v. *Goldman, supra,* at pp. 300, 301; *Galusha* v. *Galusha,* 138 N. Y. 272), unless the amount agreed upon is plainly inadequate. (*Goldman* v. *Goldman, supra,* at p. 301; *Tirrell* v. *Tirrell,* 232 N. Y. 224; *Hungerford* v. *Hungerford,* 161 N. Y. 550.)

The record in the case at bar clearly establishes the need of the plaintiff wife and indeed it is uncontradicted by the husband except in so far as he invokes the separation agreement and the release contained therein. We must always have in mind the interest of the State in the marriage to see that the wife and the children shall not be left in the community without adequate support and every agreement between husband and wife must be viewed in the light of this continuing interest of the State.

By way of answer to the application of the wife for some support, the husband offers nothing but the agreement under which he paid $3,000 ten years ago and under which he claims the right to make no further payments regardless of the present need of the wife and the circumstances of the parties. Clearly this is not an agreement whereby the husband and the wife have mutually agreed upon the scale on which the husband shall support the wife. On the contrary, it is an attempt by the husband to purchase exemption from his continuing duty by the terms of an agreement which are expressly forbidden by section 51 of the Domestic Relations Law. There is evidence in the record, not contradicted, sufficient to show the needs of the plaintiff and the ability

of the husband to contribute the modest sum which he has been directed to pay. To relieve him of that obligation is to release him from an obligation which is sustained by the authorities.

Since the agreement relied upon constitutes no answer to the present application of the wife and the husband offers no other defense, it follows that the judgment entered upon the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.