GRACE H. HOOPS, Respondent, v. EDWARD E. HOOPS, Appellant.

Argued February 29, 1944; decided April 20, 1944.

*Richard Steel* for appellant.  In the absence of fraud or duress the court was powerless to set aside an equitable settlement of

the rights of the parties made in good faith. (*Heflin* v. *Heflin*, 177 Misc. 290, 263 App. Div. 714; *Fox* v. *Fox*, 263 N. Y. 68; *Levy* v. *Dockendorff*, 177 App. Div. 249; *Gray* v. *Gray*, 149 Misc. 273; *Ostrin* v. *Posner*, 127 Misc. 313; *People* v. *Schenkel*, 258 N. Y. 224; *Matter of Estate of Ensign*, 103 N. Y. 284; *Smith* v. *Smith*, 11 Jones & Sp. 140; *Greenfield* v. *Greenfield*, 161 App. Div. 573; *Van Ness* v. *Ransom*, 164 App. Div. 483; *Parsons* v. *Macfarlane*, 220 N. Y. 605; *Matter of Pet. of N. Y., L. & W. R. R.*, 98 N. Y. 447; Civ. Prac. Act § 1170.)

*Marcus Klein* and *Benjamin A. Hartstein* for respondent. I. The same principle of public policy which renders unenforcible a contract relieving a husband from his liability to support his wife, during marriage, applies to such a contract made after a divorce because of the husband's misconduct. (*Salmon* v. *Salmon*, 236 App. Div. 678, 261 N. Y. 646; *Sleicher* v. *Sleicher*, 251 N. Y. 366; *Baskin & Co., Inc.*, v. *Howe*, 225 App. Div. 553; *Romaine* v. *Chauncey et al.*, 129 N. Y. 566; Domestic Relations Law § 51; *Wetmore* v. *Wetmore*, 149 N. Y. 520; *Matter of Williams*, 208 N. Y. 32; *Fox* v. *Fox*, 263 N. Y. 68; *Wetmore* v. *Markoe*, 196 U. S. 68; *Winter* v. *Winter*, 191 N. Y. 462; *Hamlin* v. *Hamlin*, 129 Misc. 263, 223 App. Div. 810.) II. No vested rights of defendant have been violated by setting aside the contract between defendant and his former wife. (*Querze* v. *Querze*, 290 N. Y. 13; *Fox* v. *Fox*, 263 N. Y. 68; *Winter* v. *Winter*, 191 N. Y. 462; *Schmelzel* v. *Schmelzel*, 287 N. Y. 21; *Grissler* v. *Grissler*, 209 App. Div. 480; *DeRobertis* v. *DeRobertis*, 261 App. Div. 476.)

Rippey, J. The parties to this action were married on May 1, 1923. There is no issue of the marriage. In May, 1934, plaintiff commenced an action against the defendant in this State for an absolute divorce and, in due course, procured an interlocutory decree on January 15, 1936, in which the defendant was directed to pay to the plaintiff the sum of thirty-five dollars per week for her support and maintenance. The interlocutory decree became final on April 15, 1936 (Civ. Prac. Act, § 1176).

The alimony payments as directed by the decree were paid until the summer of 1939, when defendant fell in arrears and plaintiff thereupon moved in the divorce action to punish him for contempt of court for his failure to pay alimony in the

sum of $245. An issue having been created as to defendant's ability to pay, a reference was had and during the proceedings before the referee plaintiff and defendant entered into a contract whereby it was agreed that defendant would pay and plaintiff would accept the sum of $7,500 " in full satisfaction for all alimony and support, past, present and future, due under the decree of said court, dated the 15th day of January, 1936, and also  *  *  *  in full satisfaction for all alimony, counsel fee, disbursements, costs, expenses and other claims " of the plaintiff against defendant " for the remainder of her life." For that consideration plaintiff also released any claim for dower. She asserted that she had full knowledge of the defendant's financial situation and she covenanted that she would make " no further demands " on the defendant " for support whatsoever or any demand upon his family." Simultaneously with the execution of the agreement, plaintiff executed a stipulation authorizing the amendment of the interlocutory decree and she also gave general releases running to the defendant and to his brother, William T. Hoops, who had furnished the money for the settlement. In accordance with the stipulation, the interlocutory judgment of divorce was amended so as to relieve the defendant from any further obligation for support and maintenance.

By 1941, the money paid as consideration for the settlement agreement had disappeared and plaintiff commenced this action in equity to set aside the settlement agreement in its entirety and the releases which she had executed and delivered and to strike from the judgment of divorce the provision that had been entered relieving defendant from the payment of alimony and to insert therein in place thereof a provision for payment of thirty-five dollars per week. The action went to trial and resulted in a decree by which the entire agreement and the releases were set aside. A direction was made striking from the final decree of divorce that provision which relieved the defendant from further payment of alimony and the decree was directed to be amended so as to reinstate the alimony provision as it existed in the original decree. Upon appeal, the Appellate Division modified the judgment so as to leave the settlement agreement in effect insofar as dower was concerned. There was no allegation by plaintiff in her pleading nor was

there any evidence that the agreement was procured by the defendant by fraud, duress or undue influence·or misrepresentations of any kind or that there was overreaching or that the plaintiff did not fully understand the nature and purport of the agreement, and she testified that she was told by her attorney at the time of the negotiations that the execution of the agreement by her would forever bar her from securing any further payments for support and maintenance from her former husband. The agreement was fully executed and was based upon adequate consideration. In those circumstances, if the plaintiff was competent to make the contract, the complaint should have been dismissed.

The lower courts have relied upon the provisions of section 51 of the Domestic Relations Law in awarding the decree herein. That section provides, among other things, that '' a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife.'' That section relates only to such agreements made between husband and wife while that status exists (*Heflin* v. *Heflin*, 177 Misc. 290, affd. 263 App. Div. 714). It does not relate to contracts made between a man and a woman, although formerly married, where an absolute divorce has been granted between the parties. An absolute divorce decree by a court of competent jurisdiction puts an end to the relation of husband and wife (*Fox* v. *Fox*, 263 N. Y. 68). So far as section 51 of the Domestic Relations Law is concerned, it furnishes no basis, by virtue of its terms alone, for the action at bar.

The Legislature has, by separate act, provided a remedy for support and maintenance for the wife who has succeeded in an action for absolute divorce in a proper case (Civ. Prac. Act, § 1170). By the provisions of that section, the court, at any time after final judgment, may annul, vary, modify or amend a final judgment for the support of such a plaintiff (*Fox* v. *Fox, supra*). Jurisdiction over the matrimonial relation and its ultimate consequences exists only by virtue of statute (*Waddey* v. *Waddey*, 290 N. Y. 251, 253). When that statute additionally provides the procedure by which and the court and proceeding in which the remedy of one who has a grievance must be pursued, where such a remedy did not formerly exist, all other procedure and remedies are thereby excluded for the

settlement of such a grievance (*Matter of Meng,* 227 N. Y. 264, 273, 277).

If the plaintiff seeks further support and maintenance from the defendant, she must find her remedy exclusively in the court and in the proceeding designated in section 1170 of the Civil Practice Act. The right to support after divorce is defined and limited by the final decree of divorce. The effect of the foregoing statute is to write into every final decree of divorce to which the statute is applicable a reservation of a right to annul, vary or modify or to insert any provision for support and maintenance. " The jurisdiction of the court over the parties and over the incidental subject-matter is prolonged; and to that extent the action may be said to be pending within the meaning and intent of section 1169 of the Civil Practice Act " (*Fox* v. *Fox, supra,* p. 70). Since this divorce action is still " pending " for the purposes indicated, no independent action in equity can be maintained for the relief which plaintiff seeks.

The judgments so far as appealed from should be reversed and the complaint dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.