MATILDA KRAUNZ, Respondent, *v.* IRVING KRAUNZ, Appellant.

Argued May 15, 1944; decided June 14, 1944.

*Jacob Shientag* for appellant. I. The judgment, as modified, should be reversed. It defeats the declared policy and purpose of the Federal and State governments to equalize the burdens of taxation. (*Black* v. *Graves,* 257 App. Div. 176, 281 N. Y. 792; *Evans* v. *Gore,* 253 U. S. 245; *Matter of Reeves* v. *Crownshield,* 274 N. Y. 74; *Surace* v. *Danna,* 248 N. Y. 18.) II. The modified judgment is manifestly unjust to defendant. III. Payment of a wife's taxes is not part of a husband's duty to support; her obligation to pay taxes is personal and may not be transferred to the husband. (*Turner* v. *Woolworth,* 221 N. Y. 425.) IV. The judgment and order appealed from are contrary to the express mandate of the statute which makes it illegal and unlawful for one to assume or bear the burden of another's income taxes. (Tax Law, § 385.) V. The court was without power to modify the judgment. (*Harris* v. *Harris,* 259 N. Y. 334; *Merrick* v. *Merrick,* 266 N. Y. 120; *Schmelzel* v. *Schmelzel,* 287 N. Y. 21.)

*Abraham J. Halprin, Sidney R. Rossiter* and *Bernard Rothman* for respondent. I. The amendments to the Federal and State income tax laws after the entry of the final decree of separation which resulted in (a) a reduction of plaintiff's real income under the judgment of separation from $150 per week to the sum of $115.58; and (b) a saving by the defendant of at least the sum of $3,900 per year; constituted such a change in the circumstances of the parties as warranted the granting of the relief prayed for. (*Fox* v. *Fox,* 263 N. Y. 68; *Rosenthal* v. *Rosenthal,* 265 App. Div. 880; *Wolford* v. *Wolford,* 43 N. Y. S. 2d, 200.) II. The obligation to pay an income tax imposed upon the plaintiff is an item that properly must be considered by a court in fixing the amount of alimony. (*Audubon* v. *Shufeldt,* 181 U. S. 575; *Wetmore* v. *Wetmore,* 149 N. Y. 520; *Romaine* v. *Chauncey et al.,* 129 N. Y. 566; *De Brauwere* v. *De Brauwere,* 203 N. Y. 460; *Steitz* v. *Gifford,* 280 N. Y. 15; *Eastman Co.* v. *Southern Photo Co.,* 273 U. S. 359; *Douglas* v. *Willcuts,* 296 U. S. 1; *Helvering* v. *Leonard,* 310 U. S. 80; *Daggett* v. *Commissioner of Internal Revenue,* 128 F. 2d 568, 317 U. S. 673; *Riggs* v. *Del Drago,* 317 U. S. 95; *Evans* v. *Gore,* 253 U. S. 245; *Baskin & Co., Inc.,* v. *Howe,* 225 App. Div. 553; *Rentall Realty Corp.* v. *Marksville,* 170 Misc. 825; *Matter of Weingart* v. *Cohen,* 159 Misc. 891.)

LEHMAN, Ch. J. The decree in favor of the plaintiff, entered on December 15, 1941 in an action for separation, provides that the defendant shall pay to the plaintiff the sum of $125 per week for the support and maintenance of the plaintiff and her daughter and that " after September 28th, 1943 either party may apply to this Court on notice to the other, should the financial circumstances of the defendant change * * * for a modification of this decree insofar as payment of alimony is concerned." In 1941 when the decree was entered the amount which the defendant was required to pay to the wife as alimony could not be deducted from the gross income of the defendant in determining the net income tax payable by the defendant under the laws of the United States and under the laws of the State of New York. The alimony received by the plaintiff was at that time not subject to any income tax. By amendments to the Internal Revenue Code [U. S. Code, tit. 26, § 22, subd. (k); § 23, subd. (u)] effective October 21, 1942, the amount of alimony paid by the defendant pursuant to the decree could be deducted from the defendant's gross income in determining the net income subject to income tax; and the amount received by the plaintiff became part of her income subject to tax. The Tax Law of this State was amended in similar manner applicable to tax returns for any tax year beginning on or after January 1, 1943 (L. 1943, ch. 253).

As a result of those amendments the income taxes which the defendant was required to pay for the year 1943 were approximately $3,800 less than the income taxes would have been if the statutes had not been amended in manner which shifted the burden of paying income taxes on amounts paid and received as alimony from the husband who paid, to the wife who received, the alimony. The Federal income tax upon the alimony received by the wife amounted for the year 1942 to the sum of $256.79, and the Federal and State income taxes for the year 1943 amounted to $1,789.15. The plaintiff, claiming that the amount of the alimony which the defendant was directed to pay by the decree entered in 1941 will be insufficient for the proper support of her daughter and herself when she is compelled to pay income taxes out of the amount received, applied to the court in October, 1943, for an order modifying the final judgment of separation by providing that the defendant shall

pay to the plaintiff the amount of the Federal and State income taxes which the plaintiff is, or will be, required to pay upon the income received by her pursuant to the final judgment of separation. The motion was denied at Special Term, but upon appeal was granted by the Appellate Division.

The judgment of separation recites that the parties had " consented to the payment of alimony and agreed on the amounts and terms thereof ". One of these terms was that either party might apply for a modification of the provisions of the decree relating to payments of alimony " should the financial circumstances of the defendant change ". Perhaps a statutory change which shifts the burden of paying an income tax from the defendant to the plaintiff is not a change in the financial circumstances of the defendant within the meaning of the agreement and decree. The shifting of that burden does, however, reduce the amount which will be available to the plaintiff for support and in section 1170 of the Civil Practice Act, the Legislature has conferred upon the court power to modify its direction for the payment of alimony " as justice requires ". The parties could not by contract divest the courts of that power. (*Hoops* v. *Hoops,* 292 N. Y. 428, decided April, 1944.)

We agree with the Appellate Division that when it appeared that statutory changes compelled the plaintiff to pay out of the moneys received by her for support charges which the defendant was required to bear at the time the amount of alimony was fixed, justice required that the decree be modified.

In fixing the alimony to be paid by a defendant under a judgment of separation presently granted the court would certainly take into account the income and other taxes which the wife and husband would probably be compelled to pay. Only the balance which remains after such payment will be available for the support or enjoyment of either husband or wife. No public policy embodied in the tax statutes is thwarted by the courts when they direct a defendant in a matrimonial action to pay to his wife for her support and for the maintenance of his children a sum commensurate with his financial ability to pay and sufficient to furnish proper support after taxes are paid. Justice requires that the amount of alimony should be

measured by that standard both when the judgment is granted and when application is made for its modification.

Here the order of the Appellate Division does not direct the defendant to pay a specified amount for alimony fixed by it after taking into account that only the balance remaining after the wife has paid the income taxes would be available for support. Instead it directs the defendant to pay the alimony which he agreed to pay and which he was originally directed to pay and also: " (a) the sum of $256.83, the amount of plaintiff's federal income tax for the year 1942; (b) the sum of $1,789.15, the amount of plaintiff's federal and state income taxes for the year 1943; and (c) such sum of money as the plaintiff shall be required to pay for federal and state income taxes for the year 1944 and thereafter, which may become due by reason of the receipt by plaintiff of payments pursuant to the final judgment of separation ".

The court has directed the defendant to pay these moneys pursuant to the authority vested in it to give such directions " as justice requires * * * for the * * * maintenance " of any of the children of the marriage and for the support of the wife. (Civ. Prac. Act, § 1170.) All payments which the husband is directed to make constitute " periodic payments " by a husband to his wife " in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon * * * such husband " under a decree of separate maintenance. The burden of paying the income tax on *all* such payments is placed by the Tax Law upon the wife (Tax Law, § 359, subd. 8) and *all* such payments may be deducted from the gross income of the husband (§ 360, subd. 17). The court cannot change the statutory basis for determining the net income of the wife subject to tax payable by her or the statutory basis for determining the allowable deductions from the gross income of the husband by directing the husband to pay to the wife a fixed sum for her support and, in addition, such sums as the plaintiff shall be required to pay for Federal and State income taxes " by reason of the receipt by plaintiff of payments pursuant to the final judgment of separation ". When the rate of income tax is determined the amount which the plaintiff will be required to pay for income taxes upon the pay-

ments which the defendant is directed to make periodically can be computed by an algebraic formula, but that rate may vary in accordance with variations in plaintiff's income from other sources affecting the amount of such income which is subject to a surtax. It would be unlawful for the parties to "agree or contract" that the husband should "pay or assume or bear the burden" of the income tax which under the statute is imposed upon the wife (Tax Law, § 385). Argument might be made that the public policy would be thwarted by a direction of the court that the husband should bear a burden which the Legislature has declared the wife shall bear and the husband may not assume, but certainly the court can direct the husband to pay to the wife such sum as the court may determine is sufficient to enable the wife to bear that burden and sufficient, also, to furnish adequate support for wife and children. For these reasons, though we agree with the Appellate Division that the court may modify the directions in the decree for the support of the wife and the maintenance of the daughter, we are of the opinion that the court should fix the amount which the husband is directed to pay instead of directing him to pay the variable amount of the income tax which under the tax laws will be imposed upon the income of the wife.

The judgment of the Appellate Division should be modified, with costs to the respondent, by striking out the direction for the payment by the defendant of such sums of money as the plaintiff has been or may be required to pay for State and Federal income taxes and by remitting the case to Special Term to fix as justice requires the amount of alimony which the defendant should pay from the date when the motion was made returnable by reason of the obligation of the plaintiff to discharge income taxes which are payable after that date, and as so modified affirmed.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.