Geraldine H. Kennedy, Appellant, *v.* Harry H. Kennedy, Respondent.

*Per Curiam.* The separation agreement of January 10, 1935, was invalid insofar as it attempted to relieve the husband from his liability to support the plaintiff (Domestic Relations Law, § 51; *Kyff* v. *Kyff*, 286 N. Y. 71). *Heflin* v. *Heflin* (177 Misc. 290, affd. 263 App. Div. 714) upon which the Official Referee in part based his determination, is clearly distinguishable. The agreement considered therein was made after a final decree of divorce. The provision of .section 1172-c of the Civil Practice Act giving the court discretionary power upon the application of the husband to modify the final judgment upon proof that the former wife is habitually living with another man is not applicable except as it affords some analogy to the facts here presented. Moreover, any such relationship had terminated prior to the commencement of this proceeding. We conclude that this is a proper case for the exercise of judicial discretion pursuant to section 1170 of the Civil Practice Act and that justice requires the stated modification of the decree. We view as particularly compelling the proof that the plaintiff is a public charge and receiving support from the department of welfare of the City of New York. Under such circumstances the public is involved and justice requires that the defendant, who admitted having net assets of $300,000 and has been found guilty of adultery by the decree of this court, should contribute at least to some extent to the support of his former wife.

Order appealed from should be reversed and decree modified so as to provide that the defendant shall pay the plaintiff the sum of $25 per week permanent alimony and a counsel fee of $500. Settle order.

Breitel, J. (dissenting). I agree that the separation agreement of January 10, 1935, was invalid. However, I disagree that as a matter of discretion the court should make any allowance to plaintiff, the former wife of defendant.

The application, if it has any authority, is under section 1170 of the Civil Practice Act which authorizes a court, after final judgment in a matrimonial action, to amend the judgment by inserting such directions as justice requires "for the custody, care, education and maintenance of any such child or children or for the support of the plaintiff" in such final judgment. On the facts in this case it is difficult to believe that justice requires an order for the payment of alimony.

The parties were married in 1924. The following year they were separated and they entered into a separation agreement. In 1934 a judgment was entered against the defendant for arrears in alimony. Shortly thereafter the invalid separation agreement was entered into. Under it a lump sum was paid and all future alimony was waived. It was after this, in the latter part of 1935, that plaintiff commenced an action against the defendant based on adultery. The judgment did not provide for alimony. Since that time, except for incidents voluntary contributions made by the defendant in this case to the former wife, they have lived separate and apart. The former husband has remarried. The former wife formed a relationship with another man with whom she lived for years as his wife. He has now left her. At this late day, thirty years since they were married, twenty-nine years since they were separated, each having gone their separate ways, I find neither moral basis nor basis in judicial discretion for reimposing the obligation of a husband upon the defendant. Having lived her life, in her own way, for the several decades, the wife now seeks to settle a husband's obligation upon a man who was her husband in fact for less than a year and who has, in the meantime, through no association with her nor by reason of any contribution that she made to his life, become a successful business man.

The order should be affirmed.

Callahan, J. P., Bastow, Botein and Bergan, JJ., concur in *Per Curiam* opinion; Breitel, J., dissents and votes to affirm in opinion.

Order reversed and the decree modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice.