FIRST DEPARTMENT, OCTOBER, 1954.

(October 5, 1954.)

■

HOWARD HELLER, Respondent, v. E. D. SASSOON BANKING CO., LTD., Appellant.— Order unanimously reversed and motion granted to vacate the warrant of attachment and the service of the summons by publication, with $10 costs. The complaint and the submitted affidavits clearly show that plaintiff has failed to establish a cause of action against this defendant. Where it is shown that the plaintiff must ultimately fail, the warrant should be vacated (*Wulfsohn* v. *Russian Republic*, 234 N. Y. 372, 377). Settle order. Present — Peck, P. J., Dore, Breitel, Bastow and Botein, JJ. [See *post*, p. 948.]

■

GREENWICH SAVINGS BANK, Appellant, v. GLENS FALLS INDEMNITY COMPANY, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to respondent. No opinion. Present — Cohn, J. P., Callahan, Breitel, Bastow and Botein, JJ.

■

ROSE LEEDS, Appellant, v. MAX K. LEEDS, Respondent.— The agreement of March 13, 1941, to the extent that it purports to relieve defendant of his obligation to provide continuing support to the plaintiff after the child of the marriage attains the age of twenty-one years, is void as against the public policy of the State (*Kyff* v. *Kyff*, 286 N. Y. 71). "Section 51 [Domestic Relations Law], insofar as pertinent, provides that 'a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife.' By such statutory prohibition, husband and wife are stripped of power to relieve the former of his obligation; both are rendered incapable of bargaining away the woman's right to the man's support." (*Haas* v. *Haas*, 298 N. Y. 69, 71.) Upon the pleadings and that portion of the record which survives the trial court's order to expunge, it appears conclusively that plaintiff is entitled to a declaration that such portion of the separation agreement as provides for termination of support and maintenance is invalid; and that it will be no bar at that time to an assertion of plaintiff's rights as though there were no such provision in the agreement (*Rubinfeld* v. *Rubinfeld*, 264 App. Div. 888). The Statute of Limitations being no bar, the judgment should be modified to recite the foregoing declaration in substance, and to provide that as and when the payments terminate as aforesaid, plaintiff may apply at the foot of the judgment for appropriate relief. Settle order. Present — Cohn, J. P., Callahan, Breitel, Bastow and Botein, JJ.

■

RINA M. KRAVETZ, as Ancillary Executrix of MAX M. KRAVETZ, Deceased, Respondent, v. CHARLES CHAPLIN, Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to respondent. No opinion. Present — Peck, P. J., Dore, Breitel, Bastow and Botein, JJ. [See *post*, p. 948.]

■

GREENWICH SAVINGS BANK, Respondent, v. COMMONWEALTH REALTY CORPORATION et al., Appellants, et al., Defendants.— Judgment unanimously affirmed, with costs. No opinion. Order filed. Present — Cohn, J. P., Callahan, Breitel, Bastow and Botein, JJ. [See *post*, pp. 949, 1037.]