FRANCES E. BLAUFARB, Respondent, v. SEYMOUR M. BLAUFARB, Also Known as SIDNEY M. BARTON, Appellant.

First Department, October 22, 1959.

*Arnold R. Krakower* of counsel (*George P. Halperin* with him on the brief; *Arnold R. Krakower*, attorney), for appellant.

*Arnold Bauman* of counsel (*W. A. Newcomb* with him on the brief; *Bauman, Epstein & Horowitz*, attorneys), for respondent.

RABIN, J.  In this proceeding the plaintiff moves to amend the final decree of divorce rendered in her favor so as to provide for her support.  Subsequent to the entry of that decree, which provided no alimony for her, the wife entered into an agreement waiving all claims for alimony, past, present or future and at the same time executed a release in favor of her husband.

The first question posed is whether this court has the power under section 1170 of the Civil Practice Act to amend the decree despite the post-decree agreement and the release that was executed in connection therewith.  Should such **power in**

the court be found, the question then arising is whether, on the facts of this case, such relief should be granted.

The parties were married on July 11, 1934. A daughter was born of the marriage on November 21, 1936. While the wife, a school teacher, worked steadily, the husband appeared unable to earn a livelihood and was, to a large degree, supported by his wife.

The marital relationship slowly degenerated and in 1939 the parties separated. Thereafter, in 1941, the wife obtained a decree of divorce. That decree awarded custody of the daughter to the wife, but made no provision for the support either of the wife or the daughter, since there was no application made for such provision. The wife apparently failed to do so because of her husband's hopeless financial condition at the time. Through the years that followed the husband made but sporadic and insignificant contributions for the support of his daughter, the wife carrying that burden. On her alone was placed the responsibility of raising their daughter until she reached maturity.

Several years after the divorce the husband remarried. His financial position took a turn for the better. For the past several years he has enjoyed and still enjoys an extraordinarily large income. In fact it was conceded upon argument that should this court decide that the decree be modified to provide for the support of the wife, the husband is in a position to pay any sum that the court may decide to be reasonably proper.

In 1955 the wife suffered an injury which disabled her and subsequently prevented her from teaching. As a result, she was retired on a disability pension which reduced her income to $289 per month.

During that year she commenced an action against her husband, seeking to recover the sum of $30,000 to reimburse her for moneys she claims to have expended for necessaries on behalf of the daughter. A settlement of that action was reached in December, 1955, pursuant to which she recived $6,500 and she in turn executed a general release of all her claims for alimony, past, present and future. She was then represented by counsel and Special Term found that such agreement was not induced by either fraud or coercion.

Through the present application the wife seeks to have the divorce decree modified so as to provide for payments by the defendant toward her support.

Preliminarily, it must be determined whether, in these circumstances, the court has the power to grant the relief sought. For

the answer to this question we need not go beyond the case of *Hoops* v. *Hoops* decided by this Department in November, 1945 (269 App. Div. 968), which decision followed the lead of the Court of Appeals in its decision in the same case made in April, 1944 (*Hoops* v. *Hoops*, 292 N. Y. 428, 431). There too the parties entered into an agreement subsequent to a divorce decree. There too the plaintiff accepted a lump sum " ' in full satisfaction for all alimony and support, past, present and future, due under the decree of said court, * * * and also * * * in full satisfaction for all alimony, counsel fee, disbursements, costs, expenses and other claims' of the plaintiff against defendant ' for the remainder of her life.' "

In that case the plaintiff brought an action in equity to set aside the settlement agreement and the releases and sought a provision for the payment of $35 per week for her support. The Court of Appeals, reversing, dismissed the complaint but only because it held that no independent action in equity would lie for the relief which the plaintiff sought. However, the Court of Appeals did say that the wife could seek relief under section 1170 of the Civil Practice Act and may make application therefor at the foot of the divorce decree. It held that the effect of section 1170 (p. 433) " is to write into every final decree of divorce to which the statute is applicable a reservation of a right to annul, vary or modify or to insert any provision for support and maintenance."

As a result of that decision this court in 1945 allowed support for that plaintiff despite the fact that subsequent to the divorce she had, by agreement, given up her right to alimony, past, present and future and accepted a lump sum in full satisfaction for all her claims with respect thereto.

Accordingly, we must find that the court does have the power to grant the relief requested by the plaintiff and we pass to the next question as to whether in the circumstances here presented such power should be exercised in her favor.

In this case no direction for support was made at the time of entry of the decree. Section 1170 expressly empowers the court " in case no such direction or directions shall have been made, [to] amend it by inserting such direction or directions as justice requires ". While that section as written seems to be merely a grant of power, it really is a direction for the court to do what is necessary in order to achieve justice. And so we start on the road in search of justice. Would that there were a definite and sure path leading to it. While there are certain guides that point to the direction in which we must travel, yet each case indicates a different path to be followed.

The provisions allowing the court to take such action as justice requires gives the court very broad powers. Such powers are practically unlimited except that the court may not go beyond what justice requires. Accordingly, in this case Special Term properly did not consider itself obliged to deny relief because of its finding that the plaintiff was not likely to become a public charge. Justice is not fulfilled by keeping an innocent divorced wife to a mere subsistence level and denying relief simply because she is not now, or likely to become, a public charge. Nor do we consider it just in these circumstances to make an allowance for the wife that would enable her to live on such level as her former husband could now afford. We look to his present income only to determine whether such sum as we may arrive at is within reason and not beyond his means.

The record before us is sufficient to enable us to determine the relative means of the parties and, in view of the husband's concession that he can afford any proper sum that this court may allow, there is no further necessity for the reference that was ordered by Special Term.

What then are the standards by which we determine what is just in this case? Ordinarily we would be very reluctant to grant relief where, as here, the wife with proper representation knowingly accepted a sum in settlement of all her future claims for support — particularly after so many years had elapsed since the parties have lived together. She then expressed her readiness to look after herself and indicated by her agreement her ability to do so. However, section 1170 envisions a change of circumstances — it looks to the future for the protection of an innocent wife whose circumstances have so changed as to put her in need. In this case the wife, a school teacher, lived on a school teacher's salary. She lived in a manner commensurate with her status. Due to the accident which made necessary her disability retirement, her income has been reduced to the sum of $289 per month. Such sum is insufficient to enable her to maintain that status particularly when we consider the reduced purchasing power of the dollar. The wife does not ask that a sufficient allowance be granted to her to enable her to live on the standard of a wife of one who enjoys the present income of the defendant. But, on the other hand, we believe that, in the circumstances of this case, she is entitled to have sufficient means to enable her to live in a manner comparable to the one prevailing at the time the parties lived together, at the time the divorce decree was entered, and at the time the agreement by which she waived further support was made. We consider the sum of $289 per month insufficient for that purpose.

It would not be amiss to add that perhaps she would now have a substantial reserve had the obligation for bringing up her daughter not been thrust upon her by the failure of the husband to do his duty. Considering all of the factors we believe that an allowance of $50 per week would be proper. It will not impose an unreasonable burden upon the defendant. The granting of such allowance will certainly not go beyond " as justice requires " the standard set by the statute.

Accordingly, the order should be modified on the law and on the facts and in the exercise of discretion to the extent of deleting the third and fourth decretal paragraphs providing for a reference and by directing that the divorce decree be modified so as to provide for weekly payments of $50 to the plaintiff commencing as of February 11, 1959, without costs on this appeal.

BREITEL, J. P. (concurring). On the authority of *Hoops* v. *Hoops* (269 App. Div. 968), and *Kennedy* v. *Kennedy* (283 App. Div. 1040, affd. 308 N. Y. 944), I concur in the majority opinion.

While it is true that section 1170 of the Civil Practice Act confers power on the court to modify a final judgment, one would have thought that the parties by contract, fair and fairly arrived at, could waive their rights under the statute, except perhaps when there is danger of one of them becoming a public charge, or when one of them has become a public charge.

But the real rub is that the effect of holdings such as that here make perilous, if not nugatory, and therefore discourage, lump-sum settlements between divorced persons. I am not sure that this was ever the legislative purpose or that it is good policy. Such lump-sum settlements may frequently be of very great value to the former wife.

In the light of the authorities, however, the result in this case is supported, believing as I do that neither the *Hoops* case (*supra*) nor the *Kennedy* case (*supra*) were limited in their holdings to former wives becoming or likely to become public charges.

Given the power, and given the doctrine that the court's discretion will be exercised even in the face of a fair and fairly arrived at lump-sum settlement, and even though accompanied by the exchange of releases, the determination made is one with which I heartily concur.

STEVENS, J. (dissenting). I agree with the majority that this court has the power to modify the decree and grant the relief sought. (*Hoops* v. *Hoops,* 292 N. Y. 428; Civ. Prac. Act, § 1170.) I dissent, however, as to our use of that power in the instant case. In 1955 there was a post-divorce agreement of settle-

ment voluntarily arrived at in which plaintiff was represented by competent counsel. Payment was made to plaintiff in accordance with the terms of the agreement.

There is now neither pressing need nor danger that the plaintiff wife will become a public charge. (Cf. *Hoops* v. *Hoops*, 269 App. Div. 968; *Kennedy* v. *Kennedy*, 283 App. Div. 1040, affd. 308 N. Y. 944.) To adopt a concept of adjusted income in an effort to equate plaintiff's standard of living with what it would have been had she continued to teach, is to make an unwarranted extension in the application of the law, and to render nugatory post-divorce agreements of settlement openly arrived at with full knowledge of the facts. Mere improvement in the financial condition of defendant does not justify such action.

M. M. FRANK and VALENTE, JJ., concur with RABIN, J.; BREITEL, J. P., concurs in opinion; STEVENS, J., dissents in opinion.

Order modified on the law and on the facts and in the exercise of discretion to the extent of deleting the third and fourth decretal paragraphs providing for a reference and by directing that the divorce decree be modified so as to provide for weekly payments of $50 to the plaintiff commencing as of February 11, 1959, without costs on this appeal.

Settle order.