Isidor, Wasservogel,
Spec. Ref. Plaintiff seeks a separation on the grounds of adultery and nonsupport. She also asks that she be awarded alimony in the sum of $400 per week.
Upon the trial of this action, plaintiff established, without rebuttal by defendant, that the latter failed to support her, as alleged in the complaint. It necessarily follows, therefore, that plaintiff is entitled to a judicial decree of separation.
The $400 per week alimony sought by plaintiff was vigorously opposed by defendant, who, since March 18, 1959, has voluntarily paid plaintiff $175 per week. Prior thereto and up to June 20, 1958, pursuant to the terms of a separation agreement entered into between the parties on February 7, 1958, defendant paid the plaintiff the sum of $250 per week. Between June 20, 1958, and March 18, 1959, however, defendant reduced the weekly payments to $100, with the exception of one week in October, 1958, when he gave plaintiff $250.
The record shows that defendant earns approximately $48,000 per annum. In addition thereto, he has other income which brings this amount over $50,000. He owns 3,020 shares of Kenyon & Eckhardt Oo. stock (an advertising firm for which he works), which has a total book value of $71,453.20. The earning value of such stock, however, is contingent and highly speculative and therefore, is of little aid to the court in determining the amount which defendant is able to pay plaintiff for her support and maintenance.
The uncontroverted testimony by plaintiff establishes that while the parties lived together their annual expenditures approximated $28,000. This amount included moneys spent for rent, food, clothing, medical and dental care, vacations, entertainment, and other usual living expenses of a “ well-to-do ” family. Plaintiff’s claim, however, that she now requires about $20,000 a year to live separate and apart from defendant cannot be allowed by the court.
A realistic attempt must be made to balance the wife’s needs with the husband’s ability to pay (Phillips v. Phillips, 1 A D 2d 393, 396, affd. 2 N Y 2d 742). While defendant’s income is slightly in excess of $50,000 per annum, he has accumulated no *62 savings, has no liquid assets, is presently heavily in debt and cannot dispose of his Kenyon & Eckhardt stock (supra) unless he terminates his employment with this company. The court must also take into account defendant’s personal needs, his tax liabilities and his own living expenses (see Kraunz v. Kraunz, 293 N. Y. 152, 156; Hearst v. Hearst, 3 A D 2d 706, affd. 3 N Y 2d 967; Doyle v. Doyle, 5 Misc 2d 4).
Giving due consideration to plaintiff’s actual needs to maintain herself properly and with due regard to the other factors above set forth, I have concluded that plaintiff should be awarded alimony at the rate of $250 per week.
The $7,500 counsel fee sought by plaintiff is far in excess of the amount to which she is entitled. The action itself was a simple one. There were no motions, no examinations before trial, or any other proceedings prior to the actual trial of this action. Certainly, an expenditure of 200 hours in the preparation of this case, as claimed by plaintiff’s counsel, was unnecessary and unwarranted by the circumstances, particularly in view of counsel’s experience in these actions. Counsel fees, therefore, are fixed at $2,500.
Judgment is rendered in favor of plaintiff accordingly. No costs are awarded. Submit decree within 10 days on 3 days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.