MABEL M. NICHOLS, Appellant, *v.* CHARLES A. NICHOLS, Respondent.

Fourth Department, July 1, 1960.

150

*Jacob Benderson* for appellant.

McElroy, Young, Mahley, Martin & Dunn (*William C. Martin* of counsel), for respondent.

GOLDMAN, J. Plaintiff appeals from two Special Term orders denying her motions to amend a judgment of divorce in her favor which became final on June 11, 1941. She seeks provision for support and maintenance and for counsel fees for services rendered by her attorney upon these motions. The order denying her motion for alimony was based upon Special Term's determination that a general release had been executed by the plaintiff in return for a lump sum settlement and absent any showing of fraud, coercion or trickery her acceptance of the lump sum and her execution of the release bar her from now securing a provision for alimony. The order denying counsel fees was made after the order denying alimony but provided " That the plaintiff be awarded all expenses in taking the appeal aforesaid, but she is denied any counsel fees at this time, the matter of counsel fees to be determined on appeal."

The record indicates that the parties had been married 30 years and had reared a family of seven children. Thereafter incompatibility developed and they agreed to dissolve their marriage. It was decided that the wife should secure a Mexican divorce by mail, and the defendant husband's affidavit indicates that " as a consideration in lieu of alimony the plaintiff herein executed a general release in the nature of a property settlement." Shortly following the securing of the Mexican divorce, the defendant entered into a second marriage ceremony which was void by reason of the invalidity of the Mexican decree. Five years later plaintiff commenced an action for divorce upon the ground that the defendant was openly living with the woman to whom he was not legally married. A decree was granted plaintiff and contained provision " that the right of the plaintiff to apply for alimony is hereby reserved." About two years later the plaintiff moved for alimony and counsel fees and Special Term referred the matter to an Official Referee to take evidence and to report his findings and recommendations.

The Official Referee's report indicated that hearings were had before him and recited certain statements made by attorneys for the parties, the substance of which was that the plaintiff agreed to accept a lump sum of $2,500. The Referee's report further recited that the plaintiff required an operation in order

to regain her health and enable her to resume her employment as a practical nurse; that the defendant husband "expressed on the stand his willingness to come to her relief during this emergency. * * * In the face of these facts, the foregoing proposal was made by the defendant and accepted by the plaintiff, subject to the approval of the Court." The Official Referee concluded his report as follows: "In view of the facts and circumstances of this particular case, I believe the proposed settlement to be adequate, equitable and for the best interests of all concerned." Special Term confirmed the Official Referee's report and ordered the defendant husband to pay $2,500 which "shall be deemed adequate on the merits under all the facts and circumstances of the within proceedings."

The record reveals that Special Term in denying plaintiff's alimony motion was under the erroneous impression that the general release alleged to have been executed by the plaintiff was in consideration for the $2,500 payment. It is clear that no general release was executed at that time and that the only release was in connection with the void Mexican proceedings. Special Term further found that there was no fraud or duress in the prior proceedings under which the lump sum payment was made.

The moving papers contain the following uncontroverted facts. First, that plaintiff was at the time of the motion 71 years of age, in generally poor health and unable to engage in any type of employment now or in the future; that her sole source of income is Social Security payments of $55.65 per month; that the defendant husband is a man of considerable wealth with money and property in excess of $100,000 in value.

Although we believe that the facts do not support defendant's claim that a lump sum settlement was consummated we need not rest our determination upon that ground. Even if the plaintiff had in fact accepted the $2,500 paid by the defendant more than 15 years ago as a full and complete satisfaction for alimony and counsel fees for the rest of her life this would not preclude Special Term from entertaining her application and from making a provision amending, annulling or modifying the final judgment. Section 1170 of the Civil Practice Act was enacted to cover just such a situation as that which confronts us. In its discretion Special Term should have made some provision for this destitute plaintiff for surely "justice requires" that she be given some relief. One should not draw the conclusion from such a disposition that lump sum settlements between spouses are no longer possible. True, in the present state of the law no longer do lump sum settlements mean that regardless

of circumstances the wife is forever barred from further application to the court and for financial assistance if the ends of justice will be served thereby. *Blaufarb* v. *Blaufarb* (9 A D 2d 86) succinctly sets forth the law in this sentence at page 90: "However, section 1170 envisions a change of circumstances — it looks to the future for the protection of an innocent wife whose circumstances have so changed as to put her in need." This principle is well supported by *Kennedy* v. *Kennedy* (283 App. Div. 1040, affd. 308 N. Y. 944) and *Hoops* v. *Hoops* (269 App. Div. 968) which are further authority for the proposition that section 1170 empowers the court to exercise its judicial discretion under such circumstances as we have in the case at bar. (See, also, *Kraunz* v. *Kraunz*, 293 N. Y. 152, 156.) Although the record indicates that plaintiff is likely to become a public charge we need not make such a finding to grant her relief. (*Hoops* v. *Hoops*, 292 N. Y. 428.)

We cannot agree with the defendant's contention that the denial of alimony was a proper exercise of Special Term's discretionary power. The court should have made some award for the support and maintenance of this unfortunate plaintiff. As to the amount to be awarded to her, we believe that Special Term, either by requiring further proof as to the defendant's financial condition or upon this record if the parties do not prevent such additional proof, can more fairly determine how much should be allowed plaintiff. We, therefore, remit this matter to Special Term to take such proceedings as it deems necessary and to make such provision for alimony as in the exercise of its discretion it believes proper.

The denial of plaintiff's application for counsel fees was an improvident exercise of Special Term's discretion and we therefore modify that order by awarding plaintiff $500 for her attorney's services to date. Whether plaintiff shall be granted additional counsel fees upon the remission to Special Term is reserved for the discretion and decision of that court.

All concur, except WILLIAMS, P. J., who dissents and votes for affirmance in the following memorandum: In the absence of a clear and definite ruling by the Court of Appeals that there may be no valid and binding lump sum settlement in this State where a wife has procured a decree of divorce, I must dissent. I am not convinced that section 1170 of the Civil Practice Act gives to a wife repeated opportunities to request something more after an adequate settlement has been voluntarily given and readily accepted by her.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN and HALPERN, JJ.

Order reversed, without costs of this appeal to either party, and matter remitted to Special Term for further proceedings in accordance with the opinion.

Order unanimously modified to award $500 as counsel fees for services, and, as modified, order affirmed, without costs of this appeal to either party.