In the Matter of SUSAN SILVER, Appellant, v. WILLIAM SILVER, Respondent.

First Department, June 25, 1974.

Simon M. Koenig for appellant.

William F. Reilly of counsel (Julia Perles with him on the brief; Phillips, Nizer, Benjamin, Krim & Ballon, attorneys), for respondent.

CAPOZZOLI, J. This is an appeal from an order of the Family Court which dismissed appellant's petition seeking enforcement and modification of the provisions of a Mexican divorce decree.

We do not in any way pass upon the merits of the claims and allegations contained in the petition, but find only that the Family Court has jurisdiction in this proceeding, pursuant to subdivision (c) of section 466 of the Family Court Act, which provides as follows:

" if a court of competent jurisdiction not of the state of New York *shall enter an order or decree granting alimony or support* in any such action [for divorce], the family court may:

" (i) entertain an application to enforce the order or decree granting alimony, or

" (ii) entertain an application to modify the order or decree granting alimony on the ground that there has been a subsequent change of circumstances and that modification is required." (Emphasis added.)

The parties were married in December, 1968 and they entered into a separation agreement on October 6, 1970, which, in part, obligated respondent to pay to his wife $1,250 per month for a period of three years from the date thereof. Three days after the date on the separation agreement respondent obtained a bilateral Mexican divorce decree incorporating, but not merging, the terms of the separation agreement. Respondent paid to petitioner $1,250 a month during the next three years, following which petitioner brought this proceeding in the Family Court. Neither the invalidity of the support provision in the separation agreement (General Obligations Law, § 5–311; *Kyff* v. *Kyff*, 286 N. Y. 71), nor the expiration of the three-year period during which respondent made the required payments, detracts from the fact that a Mexican court of competent jurisdiction did " enter an order or decree granting alimony or support ". The majority takes the view that we need not look any further in order to sustain jurisdiction.

*Ludwig* v. *Ludwig* (39 A D 2d 456) and *Matter of Calwil* v. *Calwil* (41 A D 2d 529) relied upon in the dissent, are factually distinguishable and do not require a result different from that reached by the majority herein. In *Ludwig* v. *Ludwig* (*supra*), the Florida court which had issued the decree of divorce, upon motion, modified its own decree by eliminating therefrom all provisions for alimony. Under those circumstances this court (p. 458) correctly observed that: " Accordingly there no longer is in existence a Florida divorce decree granting alimony and

there is nothing upon which the statutory provision [§ 466, subd. (c)] may operate. The statute as a condition precedent to its application requires the existence of a valid decree of divorce * * * and that such decree contain a provision granting alimony ''.

In the case at bar, as pointed out above, a valid decree of divorce, containing an alimony provision, is still in existence. Similarly, in *Matter of Calwil* v. *Calwil* (*supra*), the Mexican divorce decree before the court incorporated the terms of a separation agreement which made '' no provision * * * for support of the wife ''. (*Matter of Calwil* v. *Calwil*, 34 A D 2d 535, 536.) Accordingly, this court once again had before it a foreign decree which did not contain a provision granting alimony or support, as required by subdivision (c) of section 466.

The dissent correctly points out that the validity of the provision in the separation agreement, which terminates support after three years, '' does not affect its validity in the foreign decree. * * * The mere fact that the court adopted a provision that would be void in an agreement does not void the decree, nor can the decree be read as if the provision were not made ''. This is exactly the point the majority is making.

The Mexican decree must be read in conjunction with the provision in the separation agreement providing support for petitioner. This being so, the conditions precedent to the jurisdiction of the Family Court have been satisfied.

The order of the Family Court should be reversed, on the law, without costs or disbursements, and the matter remanded to the Family Court.

STEUER, J. (dissenting). This is an application in the Family Court which sought '' enforcement and modification '' of a Mexican decree of divorce. No question of the validity of the decree is raised. Prior to the divorce the parties had entered into a separation agreement by the terms of which the defendant husband agreed to pay $1,250 per month and furnish certain insurance protection for a period of three years. This agreement was incorporated but not merged in the divorce decree. The payments were made for the three-year period. The instant application seeks to have the payments resumed, to continue until the former wife's death or marriage.

The jurisdiction of the Family Court in regard to foreign divorce decrees is limited to decrees '' granting alimony or support '' (Family Ct. Act, § 466, subd. [c]). Consequently it is beyond dispute that if the foreign decree makes no provision for alimony it is beyond the power of the Family Court to

order it. The question here is whether a decree is to be construed as of the date of its entry or as of the date of the application to amend. Plainly, had this been an application to increase the amount of the award during the three-year period when it was viable, there would have been jurisdiction. But if the decree is read currently, there is no remaining provision for support. Whenever the question has arisen the decree has consistently been read as it provided at the time of the application. In *Ludwig* v. *Ludwig* (39 A D 2d 456) this court had before it a Florida decree which originally provided for alimony in the sum of $200 per month. Later the decree was amended to provide that upon payment of the lump sum of $3,000 the alimony would terminate. We held there was no jurisdiction to modify the decree. (See, also, *Matter of Calwil* v. *Calwil*, 41 A D 2d 529.) The sole distinction is that in this case no alimony is currently provided by the terms of the original decree and in *Ludwig* no alimony is provided by amendment of the original decree. The difference is without legal distinction.

It is argued that the provision in the separation agreement providing for termination of the support payments after three years is void. And so it may be. That does not affect its validity in the foreign decree. The foreign court may make any provision for support, or no provision at all, as it deems proper. The mere fact that the court adopted a provision that would be void in an agreement does not void the decree, nor can the decree be read as if the provision were not made.

The order of the Family Court should be affirmed.

KUPFERMAN and LUPIANO, JJ., concur with CAPOZZOLI, J.; STEUER, J., dissents in an opinion in which MARKEWICH, J. P., concurs.

Order, Family Court of the State of New York, New York County, entered on February 7, 1974, reversed, on the law, without costs and without disbursements, and the matter remanded to the Family Court.