■   In the Matter of JOHN M. REGAN, Respondent, v MARCO M. FRISONE, INC., Appellant. (Appeal No. 2.)—Appeal unanimously dismissed as moot. (Appeal from order of Monroe Supreme Court—attorney's fees.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.

■   In the Matter of JAMES REED, as Director of Social Services of the Monroe County Social Services District, Respondent, v RICHARD PAOLA, Appellant.—Order unanimously affirmed, with costs. Memorandum: The record supports the court's finding and order (see *Matter of Lasda v Abbess,* 30 AD2d 1040; cf. *Matter of Stenzel v Bennett,* 49 AD2d 1017; *Matter of Edick v Martin,* 34 AD2d 1096). (Appeal from order of Monroe County Family Court—paternity.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.

■   SHEILA E. POZZOBON, Also Known as SHEILA E. WHITCOMB, Respondent, v DENNIS F. POZZOBON, Appellant.—Order unanimously affirmed, with costs. Memorandum: Defendant appeals from an order of Trial Term of Supreme Court which denied his motion for an order modifying the alimony and child support provisions of a judgment of divorce in accordance with the terms of an agreement entered into between the parties subsequent to the entry of the judgment. We affirm such order of denial on grounds, however, at variance with that stated by Trial Term. Trial Term concluded, in effect, that the provisions of the agreement whereby plaintiff agreed to accept less alimony and child support than that provided in the judgment of divorce was void as a matter of law, being violative of section 5-311 of the General Obligations Law. Such premise for disposition of defendant's motion is misplaced. Viewed in proper perspective, defendant's motion seeks modification of a judgment of divorce granted to the parties. Authority for the grant of such remedial relief is statutorily accorded to the court under section 236 of the Domestic Relations Law *(Hoops v Hoops,* 292 NY 428, 432; *Schmelzel v Schmelzel,* 286 NY 21, 25; *Kyff v Kyff,* 286 NY 71, 73; *Karlin v Karlin,* 280 NY 32, 36). It is clear that the request for modification is addressed to the sound discretion of the court, having regard to the circumstances of the case and the respective parties *(McMains v McMains,* 15 NY2d 283, 289). Nor may the parties by contract divest the court of such power *(Kraunz v Kraunz,* 293 NY 152, 156). Procedurally, therefore, our review of the trial court's order is addressed to whether denial of defendant's motion was an abuse of discretion. Defendant's sole and only asserted basis for modification sought was the postdivorce agreement entered into between the parties. However, from the affidavits and exhibits submitted by plaintiff in opposition, various allegations are asserted relative to explanatory and implied recantation of her execution of the agreement; her reliance upon welfare assistance "to make up the difference"; her desperate need for $60 per week alimony and child support as provided in the judgment of divorce; and the alleged substantial income and living style of defendant. Such allegations, unrefuted by defendant, clearly bear upon the propriety of the exercise by the trial court of its discretionary authority in the denial of the relief sought by defendant. The denial of defendant's motion was not an abuse of discretion. (Appeal from order of Genesee Supreme Court—modify divorce decree.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.