■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD G. WOODS, Appellant.— Judgment unanimously affirmed. Memorandum: This case was tried prior to the decision of *Stovall* v. *Denno* (388 U. S. 293). The testimony of the three bank tellers relating to their police station identification of appellant was received without objection. We recognize that such proof "may be so unfair as to amount to a denial of due process of law." (*People* v. *Ballott*, 20 N Y 2d 600, 606.) We conclude, however, that these witnesses had ample opportunity at the times the checks were cashed to observe defendant and that their courtroom testimony identifying him was not based on, or tainted by, the earlier identification at the police station (cf. *People* v. *Brown*, 20 N Y 2d 238, 244; *People* v. *Rivera*, 22 N Y 2d 453, 455). (Appeal from judgment of Onondaga County Court convicting defendant of forgery, second degree and grand larceny, first degree.) Present — Bastow, P. J., Williams, Goldman, Del Vecchio and Henry, JJ.

■ In the Matter of ARLEIN LASDA, Respondent-Appellant, v. EMMETT ABBESS, Appellant-Respondent.— Order unanimously modified upon the facts in accordance with the memorandum, and as modified affirmed, with costs to petitioner-cross-appellant, Arlein Lasda. Memorandum: The evidence completely meets the requirement that it be "entirely satisfactory" (see *Matter of Rebmann* v. *Muldoon*, 23 A D 2d 163; *Matter of Commissioner of Welfare of City of N. Y.* v. *Fields*, 25 A D 2d 504), although sharply disputed (see *Matter of Kiamos* v. *Chiladakis*, 25 A D 2d 647), and amply supports the finding that respondent-appellant is the father of the child in question. The evidence of respondent's assets and standard of living indicates that the weekly support award of $15 is insufficient, and we increase it to the sum of $20. We take note of the protracted adjournments during the course of the trial of this case, and express our disapproval of such unnecessary piecemeal trial of cases. (Appeals from order of Onondaga Family Court in filiation and support proceeding.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAZEN LEROY FOSTER, Appellant.— Order unanimously reversed and judgment insofar as it imposed sentence vacated and matter remitted to Cattaraugus County Court for a hearing in accordance with the following Memorandum: The court shall conduct a hearing as to the sentence to be imposed upon such conviction in accordance with *People* v. *Bailey* (21 N Y 2d 588) and thereupon resentence defendant in the light of the evidence adduced at such hearing. (See, also *People* v. *Schaap*, 28 A D 2d 1202.) (Appeal from order of Cattaraugus County Court denying, without a hearing, motion to vacate judgment of conviction for sodomy, first degree, rendered January 6, 1964.) Present — Bastow, P. J., Williams, Del Vecchio, Marsh and Witmer, JJ.